IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21MJ3115 |
| | ) | |
| Plaintiff, | ) | MAG. JUDGE THOMAS M. PARKER |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA GLOWACKI, | ) | MOTION FOR STAY OF ORDER OF |
| | ) | RELEASE |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Bridget M. Brennan, Acting United States Attorney, and Michael A. Sullivan, Assistant United States Attorney, and hereby files this Motion for a Stay of the Order of Release of Defendant Joshua Glowacki ("Glowacki" or "Defendant"). Glowacki used bitcoin to purchase child pornography on the dark net, while on probation to the Cuyahoga County Court of Common Please for his conviction of 14 counts of Pandering Sexually Oriented Matter Involving Minors (Felony 2). After a detention hearing, Magistrate Judge Thomas M. Parker ordered him released on unsecured bond. The United States requested a stay to request this Court to revoke Magistrate Parker's order. Magistrate Parker denied the government's request for a stay. The United States will ask this Court to revoke the release order, and order the defendant detained pending trial, because there are no conditions or combination of conditions that will ensure the safety of the community or the defendant's appearance. The United States has ordered an expeditated copy of the transcript of the detention hearing and will expeditiously file the motion to revoke the order of release once it receives the transcript.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On March 29, 2021, a Criminal Complaint was field charging Glowacki with receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Glowacki surrendered to the FBI on March 30, 2021 and later that day had an initial appearance. During that hearing, the United States moved for detention and requested a three-day continuance. Glowacki's attorney requested an additional two-day continuance and the case was set for a preliminary hearing and a detention hearing on April 6, 2021. At the hearing on April 6, 2021, the United States proffered the Criminal Complaint and the Pretrial Services Report, without objection. The Pretrial Services Report found Glowacki posed a risk of nonappearance and a risk of danger, and recommended that he be detained.

Glowacki's attorney questioned the FBI case agent briefly, but offered no evidence, nor did he proffer anything.

The evidence established that Glowacki was convicted of 14 counts of Pandering Sexually Oriented Matter Involving Minors on May 21, 2019 in Cuyahoga Court of Common Pleas in Case No. 18CR63367. He was sentenced to a term of 2 years' probation. In less than six months on probation, Glowacki registered an account with a virtual currency exchanger on November 17, 2019; and on December 24, 2019, he sent two bitcoin payments to a dark net child pornography site. (Criminal Complaint affidavit, p. 3). On March 23, 2021, a search warrant was executed at Glowacki's parent's house, where he resided. The FBI seized a Samsung phone from Glowacki and a subsequent forensic analysis revealed images oof child pornography, including one that showed a URL of a dark net site.

At the conclusion of the hearing, the Magistrate Judge found that the United States had established probable cause and bound the case to the grand jury. The Magistrate further held that

in spite of a statutory presumption that no condition or combination of conditions could ensure the safety of the community or the appearance of the defendant, Glowacki had rebutted the presumption. The Magistrate further held that the United States had failed to establish that Glowacki was either a flight risk or a danger to the community and ordered him released to his parent's home (the literal scene of the crime) on an unsecured bond. The United States requested a stay of the release to request this Court to revoke the release order. The Magistrate denied the request for a stay.

## II. ARGUMENT

### 1. Standard of Review

District Courts exercise a de novo review of a magistrate judge's release or detention order. United States v. Fitzhugh, 2016 WL 4727480 (E.D. Mich. Sept. 12, 2016) (citations omitted); United States v. Eckenrode, 2013 WL 257052 (N.D.Ohio Jan. 23, 2013) ("A District Court reviews the release order of a Magistrate Judge de novo.").

### 2. Presumption in Favor of Detention

The Bail Reform Act requires courts to detain a defendant pending trial when "no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); see also, United States v. Ferranti, 66 F.3d 540, 543-44 (2d Cir. 1995) (either flight risk or danger to the community supports detention; proof of both is unnecessary). Risk of flight must be proved by a preponderance of the evidence, while dangerousness must be shown by clear and convincing evidence. United States v. Hinton, 113 F. App'x 76, 77 (6th Cir. 2004).

In addition to this standard, there is a "rebuttable presumption" that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of the community, i.e., a presumption that the defendant should be detained, when there is probable cause to believe that the defendant has committed an offense involving a minor victim under section … 2252(a)(2)…. 18 U.S.C. § 3142(e)(3)(E). The presumption of detention "represents Congressional findings that certain offenders . . . as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Fox, 2017 WL 11546291 (6th Cir., 2017) (quoting United States v. Stone, 608 F.3d 939, 946 (6th Cir. 2010), quoting United States v. Dominguez, 783 F.2d 702, 707 (10th Cir. 1986)). Here, the offense alleged in the criminal complaint triggers the statutory presumption of detention. Indeed, Glowacki confirmed the Congressional findings by committing this offense while on supervision for the very same conduct leading to his state conviction. During the detention hearing, Magistrate Judge Parker found that the presumption applies.

The presumption of detention imposes on the defendant only a burden of production to produce some evidence that he does not pose a danger to the community or a risk of flight. Stone, 608 F.3d at 945 The defendant's burden of production is not heavy, but he must introduce at least some evidence that he is not a flight risk or a danger to the community. Id.; see also United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991). Even if the defendant satisfies the burden of production as to either risk of flight or danger to the community, the presumption does not vanish simply because a defendant comes forward with evidence to rebut it. Rather, "the rebutted presumption retains evidentiary weight." United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Gray, 20 F. App'x 473, 475 (6th Cir. 2001). The Stone Court explained that this is a reflection of "Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." Stone, 608 F.3d at 945. Therefore, the

defendant "should present all the special features of his case that take it outside the congressional paradigm." Id. at 946 (internal citations and quotations omitted).

At the detention hearing, the defendant briefly examined the FBI case agent, but did not present any evidence or proffer anything. He referenced his cooperation, age, family ties and residence in the community, which were included in the Pretrial Services Report (which recommended detention).

The United States argued at the detention hearing, and maintains now, that the defendant failed to rebut the presumption with regard to flight risk and community safety.

## **CONCLUSION**

Based on the foregoing, the Government requests that the District Court stay the execution of the release order to give the United States an opportunity to move this Court to review and revoke the release order, find that there are no conditions or combination of conditions that would reasonably assure Defendant Joshua Glowacki's appearance in the Northern District of Ohio or the safety of the community, and order him detained pending trial.

                                                                                       Respectfully submitted,

                                                                                       BRIDGET M. BRENNAN
                                                                                       Acting United States Attorney

                                        By:   /s/ Michael A. Sullivan
                                                                                       Michael A. Sullivan (NY 2249993)
                                                                                       Assistant United States Attorney
                                                                                      United States Court House
                                                                                       801 West Superior Avenue, Suite 400
                                                                                       Cleveland, OH 44113
                                                                                       (216) 622-3977
                                                                                       (216) 522-8355 (facsimile)
                                                                                       Michael.A.Sullivan@usdoj.gov