IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-mj-3115-TMP |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | THOMAS M. PARKER |
| | ) | |
| JOSHUA GLOWACKI, | ) | |
| | ) | **ORDER ON GOVERNMENT'S** |
| Defendant. | ) | **MOTION FOR DETENTION** |
| | ) | |

The United States has charged Defendant, Joshua Glowacki, by criminal complaint filed on March 29, 2021 with one count of Receipt/Distribution of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). . If convicted, defendant faces a prison term of at least five and possibly at least fifteen and up to twenty or up to forty years' incarceration plus other sanctions. At the initial appearance/arraignment on March 30, 2021, the government moved for detention, and defendant requested a hearing. The undersigned heard the motion on April 6, 2021. Upon consideration of the applicable requirements of 18 U.S.C. § 3142, the government's motion for detention is DENIED.

The government presented no testimony at the detention hearing. The government proffered the report of pretrial services and the criminal complaint and affidavit, but presented no other evidence and made no proffer.

Defendant proffered facts and presented argument. The proffered facts were: those set forth in the report of pretrial services.

Pretrial Services Officer Travis Jennings conducted a pretrial investigation and, using the PTRA risk assessment instrument, categorized Glowacki as a Category3 PTRA risk; however Officer Jennings noted that the PTRA Risk assessment does not accurately assess those charged with sex offenses. Further, the report of the pretrial officer, set forth defendant's demographic, personal and criminal history information and recommended that bond not be granted.

The government asserted defendant should be detained because the defendant had failed to rebut the presumption that no condition of combination of bond conditions would reasonably assure the appearance of the defendant or reasonably assure the safety of another person or the community. In addition, the government argued that defendant had a prior history of similar conduct, pointing to a 2019 state case for which defendant was placed on community control. The government argued that one facing a potential mandatory minimum sentence of 15 years would have an incentive to flee. And the government pointed to the defendant's hospitalization for potential risk of self-harm after his charge was filed.

Defense counsel argued that defendant had a minimal criminal history and that a careful evaluation of the 18 U.S.C. § 3142(g) factors weighed in favor of granting bond based on the facts proffered as described above. Counsel pointed out that defendant is 23 years old and resides with his parents in a stable residence. Glowacki is free to return to that residence. And, although defendant has a mental health history, he has voluntarily and fully engaged in the treatment process, including his full cooperation with the recent short-term in patient hold. Counsel proffered that he had communicated with defendant's counselor, who asserted that

defendant was fully committed to the treatment process. Counsel pointed out that defendant self-surrendered on the current charge. Counsel asserted Glowacki would comply with any bond conditions the court imposed, including restriction of internet access at the residence.

The court finds this case is one in which a rebuttable presumption for detention exists under 18 U.S.C. § 3142(e)(3) in that defendant is charged with an offense involving a minor victim in violation of 18 U.S.C. § 2252(a)(2). The following facts support the government's position that detention should be ordered: defendant has a prior similar conviction.

Defendant's rebuttal evidence was more persuasive. Defendant rebutted the presumption that bond conditions could not reasonably assure his appearance by self-surrendering. And defendant's available residence, supportive parents and a mother who works from the home; his willingness to completely restrict internet access and contact with minors, and his willingness to fully participate in mental health treatments indicate that bond conditions can assure the safety of the community.

Based upon an examination of the totality of the evidence before the court and an application of all the standards in 18 U.S.C. § 3142, the court concludes defendant offered sufficient information to rebut the presumption for detention. Further, the court finds the government did not carry its burden to show by clear and convincing evidence that no combination of bond conditions could assure the safety of the community. And it did not carry its burden to establish that no bond conditions could reasonably assure the appearance of the defendant at future court proceedings.

The court will grant defendant a $50,000 unsecured bond subject to standard and special conditions of release.

IT IS SO ORDERED.

Dated: April 6, 2021

*Thomas M. Parker*
United States Magistrate Judge