UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 21-MJ-03115 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE THOMAS M. PARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSHUA GLOWACKI, | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **GOVERNMENT'S MOTION TO** |
| | ) | **STAY ORDER OF RELEASE** |
| Defendant. | ) | |
| | ) | |

Now comes the Defendant, Joshua Glowacki, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and hereby respectfully moves this Honorable Court to deny the Government's Motion to Stay the Magistrate's Order of Release. (Doc. #11). Reasons in support of the instant request are set forth more fully in the Brief in Opposition, which is attached hereto and incorporated herein by express reference.

Respectfully submitted,

/S/ *Eric C. Nemecek*
ERIC C. NEMECEK (0083195)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

1

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Brief has been filed and served electronically this 7th day of April, 2021 on Michael Sullivan, Assistant United States Attorney, United States Courthouse, Northern District of Ohio, 801 Superior Avenue W., Suite 400, Cleveland, Ohio 44113.

*/S/ Eric C. Nemecek*
ERIC C. NEMECEK
Counsel for Defendant

**BRIEF IN OPPOSITION**

Although the district court remains the court of original jurisdiction for pretrial bail determinations, the Federal Magistrates Act empowers a Magistrate to "issue orders pursuant to section 3142…concerning release or detention" of defendants prior to trial. See 28 U.S.C. § 636(a)(2). The Magistrate must conduct a thorough adversarial proceeding before ordering detention. In making the release or detention determination, the Magistrate must evaluate a number of statutorily prescribed factors – including a host of "offense and offender characteristics." *See* 18 U.S.C. § 3142(g). The Magistrate enjoys considerable discretion in determining whether the combination of these factors is sufficient to invoke the preventive detention Order. Accordingly, it is undisputed that Magistrate Thomas Parker was authorized to conduct the detention hearing and determine whether Mr. Glowacki should be detained pending trial.

During the detention hearing, the defense presented testimony from the Special Agent who conducted the investigation of Mr. Glowacki. Likewise, counsel proffered additional evidence and arguments concerning the relevant factors that the Magistrate was required to consider, including Mr. Glowacki's stable residence, strong family support, ties to the community, participation in mental health counseling, and his voluntary self-surrender upon the issuance of the Complaint.[1] Counsel further maintained that there were conditions that would reasonably ensure the safety of the community if Mr. Glowacki were to be released – *e.g.,* installation of security protocols

to prohibit access to the Internet.

Despite having the burden of proof, the Government rested its position on the criminal Complaint and supporting Affidavit as well as the Report from the Pretrial Services Office. Thus, the Government did not present any additional evidence or witnesses that contradicted the defense's arguments in support of release or its proposed conditions of release, which included restrictions on Mr. Glowacki's ability to access the Internet or utilize certain electronic devices as well as home confinement.

After considering all of the evidence and arguments from counsel, the Magistrate determined that the Government failed to carry its burden under 18 U.S.C. § 3142, *et seq.*, and instead found that there were conditions that could reasonably ensure Mr. Glowacki's appearance at all required proceedings as well as the safety of the community. Accordingly, the Magistrate ordered that Mr. Glowacki be released from detention forthwith. The Magistrate also denied the Government's request to stay the Order of release pending review from the District Court Judge.

The Government is now attempting to circumvent the Magistrate's decision and prevent Mr. Glowacki from being released by seeking a stay from this Honorable Court. Importantly, however, the Government's Motion does not identify any specific aspect of the Magistrate's Order that would render it legally unenforceable. Rather, the Government simply disagrees with the Magistrate's determination that it failed to meet its burden under the applicable statutes. Similarly, although the Government takes

---

[1] The same information was also set forth in the Report generated by the Pretrial

4

issue with the Magistrate's denial of a stay pending review by the District Court Judge, it again fails to cite any legal authority for its position that a stay is warranted at this juncture.

The undersigned certainly recognizes the Government's legal right to have this Court review the Magistrate's decision. And Mr. Glowacki understands that he could be required to again surrender to the Marshal's should the Court disagree with the Magistrate's decision. However, there is simply no legal or rational basis to preemptively prevent Mr. Glowacki's release at this time, particularly when the Government has not identified anything that would render the release Order unenforceable or erroneous apart from its general disagreement with the ultimate conclusion.

**WHEREFORE**, the Defendant, Joshua Glowacki, hereby respectfully moves this Honorable Court to deny the Government's request to stay the Magistrate's Order of release.

Respectfully submitted,

*/S/ Eric C. Nemecek*
ERIC C. NEMECEK (0083195)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

---

Services Office.