# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO.: 21-MJ-03115 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE THOMAS M. PARKER |
| vs. ) | |
| ) | |
| JOSHUA GLOWACKI, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MOTION TO PERMIT UNMONITORED AUDIO/VIDEO VISITATION WITH DEFENDANT'S MENTAL HEALTH TREATMENT PROVIDERS

NOW, comes the Defendant, Joshua Glowacki, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and hereby respectfully requests that this Honorable Court permit unmonitored audio/video communications between Mr. Glowacki and his mental health treatment providers. Specifically, Mr. Glowacki requests reasonable access to communicate with his mental health counselors so as to continue his treatment and rehabilitative efforts while he is detained. Reasons for this Motion are set forth more fully in the Memorandum in Support, which is attached hereto and incorporated herein by express reference.

Respectfully submitted,

*/s/ Eric C. Nemecek*
ERIC C. NEMECEK (0083195)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
Ph. (216) 928-7700
E: ecn@fanlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed on the 15th day of April, 2021 by CM/ECF, which will send a notification of electronic filing (NEF) to the following: Assistant United States Attorney Michael Sullivan, 801 West Superior Ave., Suite 400, Cleveland, Ohio 44113.

/s/ Eric C. Nemecek
ERIC C. NEMECEK
Counsel for Defendant

**MEMORANDUM IN SUPPORT**

I. **PROCEDURAL HISTORY**

A search warrant was executed at Mr. Glowacki's residence on or about March 23, 2021. The officers located various items identified in the search warrant, which were subsequently seized for further forensic examination. Mr. Glowacki was not arrested at the time of the search warrant and was instead permitted to remain at the residence.

The Government filed a Complaint against Mr. Glowacki on March 29, 2021 alleging one (1) Count of receipt/distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. #1). Mr. Glowacki made arrangements, through counsel, to voluntarily surrender to the United States Marshal's Office the following day, *to wit*: March 30, 2021. An initial appearance was conducted later that afternoon, at which time the Court set the matter for a preliminary/detention hearing on April 6, 2021. The Court further ordered that Mr. Glowacki be temporarily detained pending the outcome of said proceedings. (Doc. #6). The United States Marshal's Office took custody of Mr. Glowacki and transported him to the Mahoning County Jail.

The parties appeared for a hearing on April 6, 2021. At the conclusion of the proceedings, Magistrate Judge Thomas Parker ("Magistrate Parker") determined that the Government had failed to satisfy its burden of proof regarding the issue of detention. As such, Magistrate Parker denied the Government's request for detention (Doc. #12) and ordered that Mr. Glowacki be released on a $50,000.00 unsecured bond (Doc. #14) subject to certain conditions of supervision, including home confinement and a prohibition on accessing the Internet. (Doc. # 15). Magistrate Parker also denied the Government's oral request to stay the release Order pending review from the District Court.

On April 6, 2021, the Government filed Notice of its intent to appeal the Order of release. The Notice also requested a stay of Magistrate Parker's Order until the District Court rendered a final decision. (Doc. #11). Said request was granted by Judge Pamela Barker via a Marginal Order that was filed on April 8, 2021. (Doc. #16). As a result, Mr. Glowacki remains incarcerated at the Mahoning County Jail.

As this Court is aware, the declaration of a national health emergency is unprecedented and has drastically changed the way that people interact and communicate globally. Due to the rapidly spreading COVID-19, the ability to communicate through other means, including by video and/or telephone conference, is imperative. Given the serious nature of the charges and the significant impact that Mr. Glowacki's mental health and rehabilitation will have on these proceedings, it is critical that he be afforded a reasonable opportunity to communicate with his treatment providers while he is detained. Additionally, defense counsel needs the input of the aforementioned experts to assist with the preparation of a defense as well as for purposes of mitigation.

## II.  LAW AND ARGUMENT

### A.  Counseling will assist with the defense of this case

As noted in the Pretrial Service Officer's Report, Mr. Glowacki has been actively engaged in mental health counseling with Advanced Psychotherapy Services for over three (3) years.  Prior to his arrest, Mr. Glowacki regularly attended weekly individual and group counseling sessions.  His counselors have advised the understand that Mr. Glowacki has demonstrated a strong commitment to rehabilitation throughout the treatment process.  Likewise, Mr. Glowacki has confirmed that treatment has been beneficial to his overall mental health and well-being.

After the search warrant was executed in this case, Mr. Glowacki experienced severe mental distress, which was exacerbated by his previously diagnosed depression and anxiety.  He immediately contacted his counselor and advised her of the issues that he was experiencing.  In an abundance of caution, the counselor suggested that Mr. Glowacki be admitted to a hospital on a psychiatric hold for further evaluation and treatment.  Mr. Glowacki agreed with his counselor's suggestion and was subsequently transported to a local hospital without issue.  He was discharged from the hospital on or about March 29, 2021 and was given prescription medication to treat his depression and anxiety.

Following his release, Mr. Glowacki appeared to be in a much better mental state than he was prior to his hospitalization.  He expressed his sincere intention to continue counseling with Advanced Psychotherapy Services and to abide by any and all recommendations of his treatment providers, including taking any prescribed medications.  However, he was effectively prevented from furthering his rehabilitative efforts due to the filing of the criminal Complaint as well as the temporary Order of detention, both of which caused significant mental and emotional distress.

In order to effectively assist counsel in the defense of this case, Mr. Glowacki needs to be able to communicate with the undersigned concerning the allegations and evidence in this case. Moreover, it is imperative that Mr. Glowacki be able to make reasonable and informed decisions regarding the course of litigation. Mr. Glowacki's preexisting mental health conditions and the additional stress attendant to these proceedings, including his current detention, could potentially inhibit his ability to effectively assist counsel in defending this case. As such, it is critical that Mr. Glowacki be given the opportunity to communicate with his mental health counselors in a manner that reasonably ensures privacy and confidentiality.

**B.    Post-Offense Rehabilitation**

Post-offense, or pre-sentence, rehabilitation is a factor to be considered for purposes of sentencing. 18 U.S.C. § 3553(a)(1) ensures that a defendant's history and characteristics are taken into consideration at the time of sentencing. "Pre-sentence Rehabilitation" is one (1) of sixteen (16) considerations that must be taken into account for purposes of whether or not a variance is warranted under 18 U.S.C. §3553(a)(1). The considerations outlined under this section can be found on the Northern District of Ohio "Statement of Reasons" Form.

The Supreme Court has emphasized that it "has long recognized that the fullest information possible concerning the defendant's life and characteristics is highly relevant – if not essential – to the selection of an appropriate sentence." *United States v. Salinas-Cortez*, 660 F.3d 695, 697-8 (3d Cir. 2011), quoting *Williams v. New York*, 337 U.S. 241, 247, 69 S. Ct. 1079, 93 L. Ed. 1337 (1994). The *Salinas-Cortez* court noted that appropriate sentences can only be imposed when sentencing courts "consider the widest possible breadth of information about a defendant." *Id.* As such, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a

6

unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.*, *quoting Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996).

As it relates specifically to post-offense rehabilitation efforts, courts have found that truly exceptional rehabilitation can support a downward departure. *United States v. Chapman*, 356 F. 3d 843, 847 (8th Cir. 2004). Even in cases where a defendant fails to take responsibility, courts have still taken extreme post-offense rehabilitation into consideration for purposes of a departure from the guidelines. *Id*. In *United States v. Core*, 125 F.3d 74 (2d Cir. 1997), the Second Circuit Court of Appeals explained that highly successful rehabilitation is not taken into consideration appropriately ("in kind or degree") by the Guidelines, thereby justifying a court's reliance on rehabilitation efforts when considering a downward departure.

Thus, a court is permitted to consider imposing a downward variance or departure based upon a defendant's rehabilitative efforts undertaken at all stages of the criminal process – pre-arrest, post-arrest, and post-conviction/post-sentencing. Moreover, because a defendant's rehabilitative efforts impact potential recidivism and overall mental well-being, they are also germane to the relevant considerations set forth in 18 U.S.C. § 3553(a).

When considering rehabilitative efforts by a defendant, courts have traditionally focused on two factors: first, whether the defendant entered rehabilitation under his own volition (*i.e.* voluntary); and second, the timing of the rehabilitation in relation to the criminal prosecution. Considering the first factor, courts have generally held that an individual's voluntary entry into a rehabilitation program is more indicative of an atypical or extraordinary situation that would warrant a downward departure than an individual who only entered a program because of a court order or sentence mandate. Adopting this rationale, courts have held that individuals who merely

7

abide by the terms of their probation or parole are simply following a valid court order and should not be treated as though they had engaged in extraordinary rehabilitative efforts.

Courts also consider the timing that the rehabilitation commenced. In *United States v. Craven*, 239 F.3d 91 (1st Cir. 2001), the First Circuit Court of Appeals explained the connection between these two factors: the reason timing matters in rehabilitation cases is that a defendant who decides independently to turn his life around likely deserves higher marks than one who undertakes rehabilitation mainly to gain an advantage in imminent criminal proceedings. Similarly, the Eighth Circuit Court of Appeals has held that a defendant's voluntary admission into a rehabilitation program for alcohol addiction, prior to arrest on federal charges, was an extraordinary effort that justified a downward departure. *See United States v. Newlon*, 212 F.3d 423 (8th Cir. 2000)(noting that in an appropriate case, a defendant's pre-sentence rehabilitative efforts and progress can be so significant, and can so far exceed ordinary expectations, that they dwarf the scope of pre-sentence rehabilitation contemplated by the sentencing commissioners).

It is important to note that counsel's reference to post-offense and/or pre-sentence rehabilitation is in no way intended to suggest that Mr. Glowacki is guilty of the alleged offenses set forth in the Complaint. Rather, Mr. Glowacki maintains his innocence to all criminal offenses at this time. However, to the extent that he is subsequently found guilty – either by way of a guilty plea or after a trial – his rehabilitative efforts will be a significant factor for the Court to consider when determining an appropriate sentence in this case. As such, it is imperative that he be given the opportunity to continue his mental health treatment during the course of his detention.

C.   **Need for a Court Order**

As aforementioned, Mr. Glowacki was actively engaged in counseling with Advanced Psychotherapy Services for over three (3) years prior to his arrest in this case. Due to his current detention, however, Mr. Glowacki has been unable to attend his regularly scheduled counseling sessions or otherwise communicate with his treatment provider(s). As such, the undersigned contacted the Mahoning County Jail to inquire about the possibility of scheduling regular un-monitored communications between Mr. Glowacki and his counselor – either in-person at the facility or by video or telephone conference – while he is temporarily detained. Counsel was informed that institutional policies do not permit inmates to have unmonitored communications with any outside medical or mental health providers.

Mr. Glowacki is committed to his rehabilitation and is taking the necessary steps to further those efforts. However, the current pandemic, institutional policy restrictions, and his continued detention have all impeded his ability to obtain the necessary treatment. This unique and unprecedented situation warrants a change in protocol so as to afford Mr. Glowacki an opportunity to engage with his mental health providers while he is detained. Absent relief from this Court, Mr. Glowacki will be unfairly deprived of necessary mental health treatment, which will impede his rehabilitative efforts and his ability to assist counsel in the defense of this case. Accordingly, the undersigned respectfully requests that Mr. Glowacki be permitted at least one (1) unmonitored audio/video visitation with his mental health providers (*i.e.*, Advanced Psychotherapy Services) per week. It is imperative that these communications be unmonitored so as not to interfere with Mr. Glowacki's privacy rights under HIPAA and/or the protections afforded by the Attorney-Client or Work-Product privileges.

**WHEREFORE**, Defendant, Joshua Glowacki, hereby respectfully moves this Honorable Court to issue an Order directing the Mahoning County Jail to permit unmonitored audio/video communications between Mr. Glowacki and his mental health providers (*i.e.*, Advanced Psychotherapy Services).

Respectfully submitted,

*/s/ Eric C. Nemecek*
ERIC C. NEMECEK (0083195)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH  44114
Ph. (216) 928-7700
E: ecn@fanlegal.com