IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21MJ3115 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| | ) | |
| v. | ) | [MAG. JUDGE THOMAS M. PARKER] |
| | ) | |
| | ) | |
| JOSHUA GLOWACKI, | ) | MOTION TO REVOKE ORDER OF RELEASE |
| Defendant. | | |

Now comes the United States of America, by and through counsel, Bridget M. Brennan, Acting United States Attorney, and Michael A. Sullivan, Assistant United States Attorney, and hereby files this Motion to Revoke the Order of Release of Defendant Joshua Glowacki ("Glowacki" or "Defendant"). Glowacki used bitcoin to purchase child pornography on the dark net while on probation to the Cuyahoga County Court of Common Pleas for his May 2019 conviction of 14 counts of Pandering Sexually Oriented Matter Involving Minors (Felony 2). After a detention hearing, Magistrate Judge Thomas M. Parker ordered him released on unsecured bond. The United States requested a stay to request this Court to revoke Magistrate Parker's order. Magistrate Parker subsequently denied the government's request for a stay. It is the government's position that, contrary to the Magistrate Judge's order, no condition or combination of conditions will reasonably assure the safety of the community if Glowacki is released. 18 U.S.C. § 3142(e)(1). The United States asks this Court to revoke the release order and order the defendant detained pending trial, because there are no conditions or combination of conditions that will ensure the safety of the community or the defendant's appearance.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On March 29, 2021, a Criminal Complaint was filed charging Glowacki with receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), which carries a five-year mandatory minimum to twenty-year maximum sentence. Based upon Glowacki's prior criminal history, he may be subject to the enhanced penalties of a fifteen-year mandatory minimum sentence and a forty-year maximum sentence. Glowacki surrendered to the FBI on March 30, 2021, and later that day had an initial appearance. During that hearing, the United States moved for detention and requested a three-day continuance. Glowacki's attorney requested an additional two-day continuance and the case was set for a preliminary hearing and a detention hearing on April 6, 2021. At the hearing on April 6, 2021, the United States proffered the Criminal Complaint and the Pretrial Services Report, without objection. The Pretrial Services Report found Glowacki posed a risk of nonappearance and a risk of danger and recommended that he be detained.

Glowacki's attorney questioned the FBI case agent briefly, but offered no evidence, nor did he proffer anything. In the Magistrate's order denying the United States' request for detention, the Magistrate stated, "Defendant proffered facts and presented argument. The proffered facts were: those presented in the report of pretrial services." (R. 12: Order, PageID 28). In fact, the Defendant proffered nothing:

> THE COURT: All right. Do you have any other evidence or factual information you wish to present or proffer?
>
> MR. NEMECEK: Your Honor, just argument, I guess, as it relates to the issue of detention. Beyond that, no witnesses or evidence, Judge.

(R. 17: Transcript of Detention Hearing, PageID 62).  After that exchange, the Magistrate Judge found that the United States had established probable cause and bound the case to the grand jury. (Id.)   Next, the Magistrate invited argument from the United States, and then Defense Counsel argued.  Defense Counsel did bring up certain facts, not proffered nor in evidence, during his argument: for example, that he spoke to Glowacki's counselor who indicated Glowacki's commitment to counseling (Id., at PageID 64-65).  This fact was specifically and favorably referenced by the Magistrate in the Order denying detention. (R. 12: Order, PageID 28-29).  Of course, this "proffer" came after the completion of evidence and after the United States had already argued.

      The evidence established that Glowacki was previously convicted of 14 counts of Pandering Sexually Oriented Matter Involving Minors under Ohio Revised Code § 2907.322(A)(1) and (A)(2) on May 21, 2019, in Cuyahoga Court of Common Pleas, in Case No. 18CR63367.  He was sentenced to a term of 2 years' probation.  In fewer than six months on probation, on November 17, 2019, Glowacki registered an account with a cryptocurrency exchange; and on December 24, 2019, he sent two bitcoin payments to a dark net child pornography site.  (R.  1-1:Criminal Complaint Affidavit, PageID 4 ).  On March 23, 2021, a search warrant was executed at Glowacki's parent's house where he resided. The FBI seized a Samsung phone from Glowacki and a subsequent forensic analysis revealed images of child pornography, including one that showed a URL of a dark net site.  According to the Criminal Complaint, these images included:

    A. An image of a prepubescent female, approximately 6 to 9 years old, naked and tied to a chair, facing down with an adult male holding her from the rear.
    B. An image of a prepubescent male, approximately 8 to 10 years old, with his pants down standing behind a prepubescent female of similar age naked below the waistline, appearing to have intercourse in a standing position.
    C. An image of a prepubescent female, approximately 11 to 13 years old

>performing oral sex on an adult male. The image included the URL of a Darknet Site (hereinafter, DARKNET SITE).

(Id).

At the conclusion of the hearing, the Magistrate held in spite of a statutory presumption that no condition or combination of conditions could ensure the safety of the community or the appearance of the defendant at trial, that Glowacki had rebutted the presumption. (R. 17: Transcript of Detention Hearing, PageID 70-71). The Magistrate further held that the United States had failed to establish that Glowacki was either a flight risk (id., at PageID 71) or a danger to the community and ordered him released to his parents' home (the literal scene of the crime) on an unsecured bond. (Id., at PageID 73). In the written order, the Magistrate held,

> And defendant's available residence, supportive parents and a mother who works from the home; his willingness to completely restrict internet access and contact with minors, and his willingness to fully participate in mental health treatments indicate that bond conditions can assure the safety of the community.

(R. 12: Order, PageID 29).

The United States requested a stay of the release to request this Court to revoke the release order. The Magistrate denied the request for a stay. (R. 17: Transcript of Detention Hearing, at PageId 80-81)

The government respectfully requests that this Court revoke the Magistrate Judge's release order, review the Magistrate Judge's determination, and order Glowacki detained pending trial in the Northern District of Ohio.

## II.     ARGUMENT

### 1. When a Revocation Order May Be Filed

Pursuant to Title 18, United States Code, Section 3145, "If a person is ordered released by a magistrate, or by a person other than by a judge of a court having original jurisdiction over

4

the offense . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1).

2. **Responsibility of the Distict Court to Review and Standard of Review**

District Courts exercise a de novo review of a magistrate judge's release or detention order. United States v. Fitzhugh, 2016 WL 4727480 (E.D. Mich. Sept. 12, 2016) (citations omitted); United States v. Eckenrode, 2013 WL 257052 (N.D. Ohio Jan. 23, 2013) ("A District Court reviews the release order of a Magistrate Judge de novo."). Further, there is "a responsibility on the district court to reconsider the conditions of release fixed by another judicial officer ... as unfettered as it would be if the district court were considering whether to amend its own action." It is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985) (citing United States v. Thibodeaux, 663 F.2d 520, 522 (5th Cir.1981)).

3. **Presumption in Favor of Detention**

The Bail Reform Act requires courts to detain a defendant pending trial when "no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); see also, United States v. Ferranti, 66 F.3d 540, 543-44 (2d Cir. 1995) (either flight risk or danger to the community supports detention; proof of both is unnecessary. Risk of flight must be proved by a preponderance of the evidence, while dangerousness must be shown by clear and convincing evidence. United States v. Hinton, 113 F. App'x 76, 77 (6th Cir. 2004).

In addition to this standard, there is a "rebuttable presumption" that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of the community, i.e., a presumption that the defendant should be detained, when there is probable cause to believe that the defendant has committed an offense involving a minor victim under section …18 U.S.C. § 2252(a)(2)…. 18 U.S.C. § 3142(e)(3)(E) (including the child pornography receipt and distribution offense charged here). The presumption of detention "represents Congressional findings that certain offenders . . . as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Fox, 2017 WL 11546291 (6th Cir. July 5, 2017) (quoting United States v. Stone, 608 F.3d 939, 946 (6th Cir. 2010), quoting United States v. Dominguez, 783 F.2d 702, 707 (10th Cir. 1986)). Here, the offense alleged in the criminal complaint triggers the statutory presumption of detention. Indeed, Glowacki confirmed the Congressional findings by committing this offense while on supervision for the very same conduct leading to his state conviction. During the detention hearing, Magistrate Judge Parker found that the presumption applies.

The presumption of detention imposes on the defendant only the initial burden of production to produce some evidence that he does not pose a danger to the community or a risk of flight. Stone, 608 F.3d at 945 The defendant's burden of production is not heavy, but he must introduce at least some evidence that he is not a flight risk or a danger to the community. Id.; see also United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991). Even if a defendant meets his burden, the presumption favoring detention remains an important factor to be considered and weighed by the district court. Stone, 608 F.3d at 945. Also, even if the defendant satisfies the burden of production as to either risk of flight or danger to the community, the presumption does not vanish simply because a defendant comes forward with evidence to rebut it. Rather, "the rebutted presumption retains evidentiary weight." United States v. Dillon, 938 F.2d 1412, 1416

6

(1st Cir. 1991); United States v. Gray, 20 F. App'x 473, 475 (6th Cir. 2001). The Stone Court explained that this is a reflection of "Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." Stone, 608 F.3d at 945. Therefore, the defendant "should present all the special features of his case that take it outside the congressional paradigm." Id. at 946 (internal citations and quotations omitted).

At the detention hearing, the defendant briefly examined the FBI case agent, but did not present any evidence or proffer anything. During his argument, he referenced Glowacki's cooperation, age, family ties and residence in the community, which were included in the Pretrial Services Report (which recommended detention); and are all rather pedestrian – not "the special features of his case that take it outside the congressional paradigm." (Id.)

Glowacki's detention is appropriate because the nature and circumstances of his offenses support detention. United States v. Davis, 2018 U.S. Dist. LEXIS 91693 (E.D.N.C. June 1, 2018). Defendant Joshua Glowacki is charged with an offense that carries a mandatory minimum five-year sentence and a maximum of twenty years. Based on his prior conviction, Glowacki may face a minimum of fifteen years and a maximum of forty years. Accordingly, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). The government submits that Glowacki cannot rebut that presumption.

Here, Glowacki cannot rebut the presumption that there are any conditions that will reasonably assure his appearance in the Northern District of Ohio. Glowacki is facing a significant prison sentence based on the charge in the Criminal Complaint. Moreover, Glowacki's charge represents a clear indication that he is not amenable to supervision as he committed the offense here while on probation for similar conduct.

In assessing whether detention or a bond is appropriate, the district court must consider four specific factors: (1) the nature and circumstances of the offense, including whether the crime involves a "minor victim"; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### 1. The nature and circumstances of the offense, including whether the crime involves a "minor victim."

The Bail Reform Act expressly directs courts to consider and weigh "the nature and circumstances of the offense charged," including whether the offense involves "a minor victim." 18 U.S.C. § 3142(g)(1). Here, the offense involved Glowacki attempting to anonymize himself and purchasing access to websites on the dark net dedicated to sharing child pornography. The elements of technical sophistication, anonymization, and the exchange of virtual currency aggravate an already heinous crime that robs innocence from children and sentences families to a lifetime of pain and agony living with the knowledge that the darkest moments of a child's life are now "products" on a dark net website. His offense most certainly involved minor victims.

### 2. The weight of the evidence against the defendant.

The evidence is strong. While Glowacki has ties to the Northern District of Ohio, he now faces the potential of a prison sentenced between fifteen and forty years. This is strong motivation to flee. Although there is no evidence of prior flight, there is strong evidence that Glowacki does not comply with the orders of court, as this crime was committed while he was on probation for similar offenses.

The weight of the evidence that Glowacki is a danger to the community is even stronger. In the written order, the Magistrate held,

> And defendant's available residence, supportive parents and a mother who works
> from the home; his willingness to completely restrict internet access and contact

8

> with minors, and his willingness to fully participate in mental health treatments indicate that bond conditions can assure the safety of the community.

(R. 12: Order, PageID 29).

Glowacki has already demonstrated in the most convincing terms that supportive parents and mental health treatment will not stop him from acting on his illegal and deviant desires and will not protect the public from him. He committed this crime from the very same home, occupied by the very same work-from-home mother, while attending the very same counseling.

### 3. The history and characteristics of the person.

According to his criminal history, Defendant was previously arrested and convicted on 14 counts of Pandering Sexually Oriented Matter Involving a Minor, a violation of §2907.322(A)(1) and (A)(2) of Ohio law. As part of his conviction, he surrendered two laptops and a cell phone to the Ohio ICAC (Internet Crimes Against Children) taskforce. Yet, within six months, he had new devices and was creating a virtual currency account, and a month later (on Christmas Eve), he was sending bitcoin from his device to darknet websites peddling child pornography.

Glowacki was sentenced on fourteen felonies of the second degree, each one carrying a potential sentence of eight years in prison. He received the incredibly generous sentence of a mere two-years' probation. Yet, that gift and second chance were not enough to convince Glowacki to leave children alone. Nor was that "wake-up call" enough to convince his parents to exercise any meaningful supervision of him in their home. The history and characteristics of Glowacki demonstrate that he will continue to offend and continue to victimize children. He has already proven the same.

### 4. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

9

As Glowacki has demonstrated, minors will continue to be put at risk if he is released. Skulking around the dark net and sending bitcoin payments to sites peddling images and videos of children be raped and abused demonstrates that Glowacki poses a danger to the community, and particularly the children. Having done so while on probation for fourteen felonies of the second degree only reinforces that fact.

He has shown that neither the support of his parents or his therapist will keep him from continuing to put the community at risk. Further, given the pervasive nature of wireless access, the internet, and the ease with which persons can access it – from all sorts of devices, many of them quite small in size – the idea of preventing Glowacki from accessing it is an illusory one.

## CONCLUSION

Based on the foregoing, the Government requests that the District Court revoke the Magistrate's Order of Release and find that there are no conditions or combination of conditions that would reasonably assure Glowacki's appearance or the safety of the community, and order him detained pending trial.

Respectfully submitted,

BRIDGET M. BRENNAN
Acting United States Attorney

By: /s/ Michael A. Sullivan
Michael A. Sullivan (NY 2249993)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3977
(216) 522-8355 (facsimile)
Michael.A.Sullivan@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 15, 2021, copy of the foregoing Motion to Revoke Order of Release was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/Michael A. Sullivan<br>
Assistant U.S. Attorney