**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA GLOWACKI,<br><br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.'s 21-MJ-03115<br>1:21-CR-258<br><br>MAGISTRATE THOMAS M. PARKER<br><br>JUDGE PAMELA BARKER<br><br>**BRIEF IN OPPOSITION TO GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE** |

Now comes the Defendant, Joshua Glowacki, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and hereby respectfully moves this Honorable Court to deny the Government's Motion to Revoke Order of Release. (R. 19: Motion to Revoke Order of Release; PageID 94-104). Reasons in support of the instant request are set forth more fully in the Brief in Opposition, which is attached hereto and incorporated herein by express reference.

Respectfully submitted,

/S/ *Eric C. Nemecek*
ERIC C. NEMECEK (0083195)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing Brief has been filed and served electronically this 21st day of April, 2021 on Michael Sullivan, Assistant United States Attorney, United States Courthouse, Northern District of Ohio, 801 Superior Avenue W., Suite 400, Cleveland, Ohio 44113.

*/S/ Eric C. Nemecek*
ERIC C. NEMECEK
Counsel for Defendant

**BRIEF IN OPPOSITION**

**I. RELEVANT FACTS AND PROCEDURAL HISTORY**

Magistrate Thomas Parker determined that the Government had failed to meet its burden of proof that pretrial detention was warranted in this case. Magistrate Parker's Order confirmed that the Government presented no testimony at the detention hearing and instead simply relied on the Report from the Pretrial Services Office as well as the criminal Complaint and attached Affidavit. (R. 12: Order on Government's Motion for Detention; Page ID 27). To the contrary, the Order referenced the evidence and arguments presented by the defense during the hearing, including those set forth in the report of Pretrial Services. (*Id*. at 28). Said factors included Mr. Glowacki's age, limited criminal history, strong family support, ties to the local community, commitment to mental health counseling, demonstrable compliance with the conditions of release imposed as part of the prior State proceedings, cooperation with the current investigation, and his voluntary self-surrender to authorities. (*Id*. at 28-29).

While Magistrate Parker noted that Mr. Glowacki's prior conviction and the statutory presumption supported the Government's argument in favor of pretrial detention, he nevertheless concluded that the defense's rebuttal evidence (*i.e.*, that bond conditions could reasonably assure his appearance and the safety of the community) was more persuasive. (*Id*. at 29). Specifically, Magistrate Parker determined that Mr. Glowacki's available residence, supportive parents, willingness to restrict Internet

access and contact with minors, and commitment to participating in mental health treatment all supported the conclusion that bond conditions could assure the safety of the community. (*Id*. at 30).

Magistrate Parker ultimately held that Mr. Glowacki offered sufficient information to rebut the presumption in favor of detention, and that the Government failed to carry its burden to show by clear and convincing evidence that no combination of bond conditions could assure the safety of the community or the defendant's appearance at future court proceedings. (*Id*. at 30). Accordingly, Magistrate Parker issued an Order releasing Mr. Glowacki on a $50,000.00 unsecured bond (R. 14: Appearance Bond; PageID 36-37) subject to certain conditions of release, including a prohibition on accessing the Internet and participating in Home Confinement. (R. 15: Order Setting Conditions of Release; PageID 38-41).

## II. REVIEWING MAGISTRATE'S DECISION REGARDING BAIL

Review of release or detention Orders is governed by 18 U.S.C. § 3145. Although the district court remains the court of original jurisdiction for pretrial bail determinations, the Federal Magistrates Act empowers a Magistrate to "issue orders pursuant to section 3142…concerning release or detention" of defendants prior to trial. *See* 28 U.S.C. § 636(a)(2). During the detention hearing, the Bail Reform Act entitles the defendant to be represented by counsel, present witnesses, testify on his own behalf, cross-examine Government witnesses who appear and testify, and present additional evidence by proffer, hearsay or other means. *See* 18 U.S.C. § 3142(f). As such, the

Magistrate must conduct a thorough adversarial proceeding before ordering detention. In making the release or detention determination, the Magistrate must evaluate a number of statutorily prescribed factors – including a host of "offense and offender characteristics." *See* 18 U.S.C. § 3142(g). The Magistrate enjoys considerable discretion in determining whether the combination of these factors is sufficient to invoke the preventive detention Order. Thus, the Magistrate performs a significant role insofar as they must determine, based upon "clear and convincing" evidence presented at the detention hearing, whether to release or detain the defendant.

The Bail Reform Act does not specify the scope of review the district court is to apply to a Magistrate's determination. However, the majority of district courts proceed from the presumption that the Magistrate's decision is correct and are unlikely to modify the Magistrate's Order unless the record definitively establishes that the Magistrate committed clear error in deciding the issue. *See* Weinberg, *Federal Bail and Detention Handbook*, Cl-1181, P.L.J. 3-6 (1988).

## III. STANDARDS GOVERNING PRETRIAL DETENTION OR RELEASE

The United States Constitution, 18 U.S.C. § 3142, and the United States Supreme Court clearly favor pretrial release of criminal defendants unless "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" *United States v. Salerno*, 481 U.S. 739, 743 (1987), *citing* 18 U.S.C. § 3142(e); *see also* U.S. Const. amend. VIII. This determination must be made by considering "the

nature and seriousness of the charges, the substantiality of the Government's evidence against the arrestee, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by the suspect's release." *Salerno*, 481 U.S. at 742-43, *citing* 18 U.S.C. § 3142(g). "The default position of the law, therefore, is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939 (6th Cir. 2010).

The Government must show "by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *Id*. at 750, *citing* 18 U.S.C. § 3142(f). (Emphasis added). The Government's interest in preventing crime must sufficiently overcome the defendant's "strong interest in liberty." *Id*. In order for the defendant to be subject to detention – and the constitutional right to bail to be denied – the court must find either the risk of flight by a preponderance of the evidence or that there is dangerousness to any other person or the community "by clear and convincing evidence." *United States v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004). The proffering of proof alone is sufficient to meet the defendant's burden of production and to rebut the presumption of dangerousness. *See, e.g., United States v. Gourley*, 936 F. Supp. 412, 416 (S.D. Tex. 1996), *citing United States v. Hare*, 873 F.2d 786, 798-99 (5th Cir. 1989); *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985).

For offenses involving a minor victim, there is a rebuttal presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142 (e)(3). Charging an offense against a minor is enough "to establish the presumption in favor of

detention[,]" which the defendant can then rebut. *Stone*, 608 F.3d at 945, *citing* 18 U.S.C. 3142(e)(3). However, the presumption of detention imposes on the defendant only the initial burden of production to put forth some evidence that he does not pose a danger to the community or a risk of flight. *See Stone*, 608 F.3d at 945. After the "defendant satisfies his burden of production," the presumption of detention remains a factor for consideration by the court *but is not dispositive*. *See Stone*, 608 F.3d at 945. (Emphasis added). Instead, the defendant may rebut the presumption by presenting "all the special features of his case" that distinguish it from the congressional judgment that "particular classes of offenders should ordinarily be detained prior to trial." *Id*. at 945-46, *quoting United States v. Jessup*, 757 F.2d 378, 384, 387 (1st Cir. 1985).

As an initial matter, the Bail Reform Act directs courts to be mindful that only a limited group of offenders should be denied bail pending trial. *See, e.g., Salerno*, 481 U.S. at 755 (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial); *United States v. Montalvo-Murillo*, 495 U.S. 711, 723–24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.)(noting that the unnecessary pretrial detention of criminal defendants places a tremendous burden on our constitutional system). An individual charged with a crime is, after all, presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Due to the important constitutional interests involved, it follows that a "case-by-case" approach is required at any stage of the proceedings in assessing the propriety of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986)(discussing due process analysis for

evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), *cert. dismissed sub nom.*, *Melendez-Carrion v. United States*, 479 U.S. 978 (1986).

**A. The Defense Met its Burden of Production**

In the case at bar, there was ample evidence presented to rebut the statutory presumption in favor of pretrial detention. The Government cites to some of the evidence and arguments offered in support of release, including Mr. Glowacki's age, cooperation, family ties and residence. (R. 19: Motion to Revoke Order of Release; PageID 100). Counsel also referenced Mr. Glowacki's demonstrable commitment to treatment, as evidenced by his voluntary participation in counseling for over three (3) years prior to the filing of the instant Complaint.[1] Several of these factors were expressly cited in the Magistrate's Order as grounds supporting the decision to release Mr. Glowacki pending trial. (R. 12: Order on Government's Motion for Detention; PageID 28-29).

Likewise, apart from the alleged criminal conduct underlying this case – which, again, has yet to be proven – the evidence demonstrated that Mr. Glowacki had been compliant with the terms and conditions of his supervision, including maintaining routine contact with his probation officer as directed. Furthermore, his conduct during the pretrial phase of the State proceeding supported the Magistrate's conclusion that Mr. Glowacki would be amenable to abiding by the conditions of pretrial supervision

[1] Contrary to the Government's characterization, Mr. Glowacki's history of attending counseling was not something that defense counsel merely proffered after the Government had already completed its argument. Rather, it was expressly referenced in the Pretrial Services Report, which the Government itself placed into evidence.

that were imposed in this case.

The Government attempts to undermine the legitimacy of these factors by characterizing them as "pedestrian" and not "the special features of his case that take it outside the congressional paradigm." (R. 19: Motion to Revoke Order of Release; PageID 100). However, the Government fails to offer any support for its contention that said factors are insignificant or otherwise insufficient to satisfy the defense's burden of production so as to rebut the initial statutory presumption in favor of detention.

What's more, the Government's argument is predicated on a fundamental misunderstanding of the respective obligations of the parties regarding the issue of detention. By criticizing the significance of the evidence and information proffered by the defense, the Government appears to suggest that Mr. Glowacki failed to offer sufficient evidence to support pretrial release. Importantly, however, the statutes and precedent case law make clear that the defendant's burden is only one of production, which, as the Government recognizes, is not heavy. (*Id*. at 99), *citing Stone*, 608 F.3d at 945. The Government always carries the burden of persuasion and the ultimate burden of proof.

Here, the evidence and arguments proffered by the defense were sufficient to satisfy its burden of production. As such, the Government was required to meet the very high burden of proving, by clear and convincing evidence, that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946. Based upon the evidence set forth in the record, the

Magistrate correctly concluded that the Government had failed to meet its burden. (R. 12: Order on Government's Motion for Detention; PageID 29). Because there is nothing to suggest that the Magistrate erred in reaching that decision, this Honorable Court should affirm and adopt the Magistrate's Order of release. (*Id.*)

**B. The Government Failed to Satisfy its Burden of Proof**

The Government's burden to show dangerousness requires an analysis of the nature and circumstances of the charged offense, the weight of the evidence, "the history and characteristics" of the defendant, and the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

As the Magistrate aptly noted, despite having the burden of proof, the Government rested its position on the criminal Complaint and supporting Affidavit as well as the Report from the Pretrial Services Office. (R. 12: Order on Government's Motion for Detention; PageID 27). Thus, the Government did not present any additional evidence or witnesses. The Government primarily relied on Mr. Glowacki's prior criminal conviction as well as his alleged conduct at issue in this case to support its request for pretrial detention. Although acknowledging that those facts raised concerns regarding Mr. Glowacki's dangerousness, the Magistrate nevertheless considered, as he was required to do, whether there were any conditions that could reasonably assure the safety of the community should Mr. Glowacki be released on bail.

The Magistrate recognized that Mr. Glowacki had no prior criminal history apart from the previous State case. Furthermore, the evidence confirmed that the current and former cases were limited to allegations that Mr. Glowacki accessed child pornography through the Internet. After carefully considering all of the facts and evidence adduced at the hearing, the Magistrate concluded that any concerns regarding Mr. Glowacki's dangerousness could be adequately addressed through conditions that placed Mr. Glowacki on home confinement and prohibited him from accessing the Internet or having any contact with minors. Given the nature of the alleged conduct at issue in the current and previous cases, these conditions represent a reasoned and sound decision that was specifically tailored to eliminate the concerns expressed by the Government during the hearing – namely, that Mr. Glowacki would commit a similar offense if granted pretrial release.

In essence, the Government failed to offer any evidence or argument that contradicted the defense's arguments in support of release or its contention that the safety of the public could be adequately assured through the implementation of various conditions, including prohibiting his ability to access the Internet or and placing him on home confinement. And, as discussed more fully *infra* and referenced in the Order of release (*Id*. at 27-30), there is no basis to conclude that the Magistrate's decision was erroneous or should otherwise be vacated.

**1. Nature and Circumstances of the Offense**

The undersigned does not dispute that the allegations at issue in this case involve "a minor victim." However, it is important to recognize that Mr. Glowacki is presumed innocent of all charges at this time. Moreover, the criminal conduct in this case appears to be limited to Mr. Glowacki's alleged accessing of child pornography through a website on the Internet. Thus, there is no evidence indicating that Mr. Glowacki had any direct contact or communication with any minor victims, or that he was otherwise responsible for creating or disseminating any of the images or videos that were purportedly located on his electronic devices.

**2. Weight of the Evidence**

Within its Motion, the Government recounts the allegations set forth in the Complaint, asserting that the evidence against the defendant is "strong" and supports the conclusion that he presents a risk of flight and a danger to the community. (R. 19: Motion to Revoke Order of Release; PageID 101-102). However, it is important to note that the Government's assessment of the evidence against Mr. Glowacki is of no import to the determination of whether he should be released pending trial. As the Sixth Circuit has previously held, the weight of the evidence prong goes to evidence of dangerousness, not the weight of evidence as to the defendant's guilt. *See Stone*, 608 F.3d at 948. Thus, the alleged strength of the Government's case against Mr. Glowacki is of no significance in determining whether pretrial release is appropriate.

Similarly, the Government's self-serving claim that the potential prison sentence presents a "strong motivation to flee" is belied by Mr. Glowacki's conduct in his prior

State proceeding as well as the instant case. Specifically, in the State prosecution, Mr. Glowacki was originally indicted on twenty (20) counts of pandering sexually-oriented material involving a minor, each carrying a potential prison sentence of between two (2) and eight (8) years. Thus, Mr. Glowacki faced a potential prison term of over one hundred-sixty (160) years in prison if convicted of the offenses. Despite the prospect of a significant term of incarceration, Mr. Glowacki appeared at all required court proceedings, including the sentencing hearing. There was no evidence to suggest that he attempted to abscond or otherwise thwart the prosecution of that case.

Mr. Glowacki exhibited the same compliance in the instant matter. During the detention hearing, the Government's lead investigative Agent testified that Mr. Glowacki was cooperative with law enforcement officers throughout their interaction and that he in no way attempted to tamper with or forestall their efforts. After the search warrant was executed, Mr. Glowacki was not arrested and was permitted to remain with his parents at the family home. He immediately retained the undersigned to represent him in this proceeding and he notified his County Probation Officer that the search warrant had been executed. He also informed his counselors of the investigation and followed their recommendations with respect to treatment. Likewise, upon learning that a criminal Complaint and arrest warrant had been filed, Mr. Glowacki voluntarily self-surrendered to the United States Marshal's Office without issue.

The Government's reliance on the evidence that Mr. Glowacki presents a danger to the community is similarly unpersuasive. Both the previous and current cases involve allegations that Mr. Glowacki obtained and/or possessed child pornography materials over the Internet. There is no evidence to suggest that he directly or indirectly communicated with any actual minors, nor does the Government contend that Mr. Glowacki was responsible for creating any of the images or videos in either case. Rather, the allegations in both cases concern Mr. Glowacki's alleged use of the Internet and other electronic devices. Thus, the Magistrate's determination that any concerns of dangerousness could be adequately curtailed by prohibiting him from accessing the Internet is not only supported by the record, but also sufficient to overcome the presumption that no conditions exist to assure the safety of the community should the defendant be released pending trial.

**3. History and Characteristics**

The "history and characteristics" factor considers the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The statute does not indicate that any single factor is determinative or deserving of more weight.

The Government's Motion focuses exclusively on Mr. Glowacki's prior conviction as well as his alleged criminal conduct at issue in this case. (R. 19: Motion to

Revoke Order of Release; PageID 102). In so doing, the Government completely ignores the other eleven (11) factors expressly identified in 18 U.S.C. § 3142(g)(3)(A), all of which support the Magistrate's conclusion that pretrial release is appropriate. Again, the undisputed evidence confirmed that Mr. Glowacki maintained strong ties to the community as well as the support of his family and friends. Likewise, he had a documented history of engaging in mental health treatment for over three (3) years before the instant Complaint was filed. There was no evidence to suggest that he suffered from any drug or alcohol abuse issues, and his conduct during and after the State proceedings demonstrated that there were no concerns regarding his willingness to appear in court as directed in this case.

**4. Nature and Seriousness of Danger Posed**

As with the previous factors, the Government takes a myopic approach to its analysis of the nature and seriousness of the danger to the public that would be posed by Mr. Glowacki's release. The Government's entire argument is again predicated on Mr. Glowacki's alleged criminal conduct in this case as well as the previous State conviction.

With respect to the current proceedings, it is important to note that Mr. Glowacki is presumed innocent of all criminal offenses at issue in this case. Thus, the Government's reliance on said allegations as proof that Mr. Glowacki presents a danger to the community is of minimal value to the determination of whether release is appropriate. Similarly, as aforementioned, the nature of the criminal conduct at issue in

the State case and Mr. Glowacki's compliance throughout those proceedings provide strong support for the conclusion that there are reasonable conditions of release that could be imposed to assure the safety of the community and Mr. Glowacki's appearance in this case, including placing Mr. Glowacki on home confinement and prohibiting him from accessing the Internet. (R. 15: Order Setting Conditions of Release; PageID 38-41).

Respectfully, the Government's argument ignores the clear statutory directive that the nature and seriousness of danger upon release should be weighed against reasonable restrictions that can be imposed on the defendant. *See* 18 U.S.C. § 3142(g)(4). Here, the conditions of release were specifically tailored to prevent any similar criminal offenses by prohibiting Mr. Glowacki from accessing the Internet – *i.e.*, the means by which Mr. Glowacki allegedly committed both the instant offenses as well as in the previous State proceeding – while under pretrial supervision in this case. (R. 15: Order setting Conditions of Release; PageID 38-41).

## CONCLUSION

While the charges against Mr. Glowacki are undoubtedly serious, that fact alone is insufficient to justify pretrial detention. Rather, the Magistrate was required to consider whether reasonable restrictions and/or conditions exist to ensure that the defendant will not pose a risk of flight or a danger to the community. *See* 18 U.S.C. § 3143(g)(4).

The Magistrate concluded that the Government had failed to satisfy its burden of proof concerning the existence of conditions that could reasonably assure the safety of

the community and Mr. Glowacki's appearance at all court proceedings. To that end, the Magistrate conditioned Mr. Glowacki's release on his participation in home confinement as well as prohibiting his ability to access the Internet. (R. 15: Order Setting Conditions of Release; PageID 38-41). It should be noted that monitored, limited Internet access is a recognized and accepted component of supervised release. *See, e.g., United States v. Browder*, 866 F.3d 504, 506 (2d Cir. 2017)(affirming the court's imposition of a special condition of computer and Internet monitoring because it was reasonably related to his conviction for "possessing over 462 digital images of child pornography that he received (and shared) on internet exchanges"); *United States v. Harris*, No. 19-356 (D. D.C. May 26, 2020)(finding that although the defendant was found guilty of accessing and distributing child pornography, "it is extremely unlikely the defendant would attempt to access or distribute child pornography while on release pending sentencing, and that conclusion is reinforced by the strict measures that Defendant's counsel has proposed, and that the Court will accept, to ensure that Defendant does not have access to an internet-capable device").

Here, the Government rested its argument on the criminal Complaint and supporting Affidavit as well as the Report from the Pretrial Services Office. (R. 12: Order on Government's Motion for Detention; PageID 27). There was no additional evidence presented that contradicted the defense's proposed Internet and device restrictions or home confinement as conditions of release. (*Id.*). To give meaning to the presumption of innocence, something more should be required of the Government to

meet its high burden. *See Stack v. Boyle*, 342 U.S. 1, 4-5 (1951)(finding that unless the "right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning").

The Government's Motion does not identify any specific aspect of the Magistrate's Order that would render it legally unenforceable. Rather, the Government simply disagrees with the Magistrate's determination that it failed to meet its burden under the applicable statutes. While the Government's sentiment is certainly understandable, it cannot serve as a basis to disturb an otherwise valid Order supported by the facts and evidence set forth in the record.

Mr. Glowacki has been found guilty of nothing and is presumed innocent. Moreover, reasonable measures were proposed to assure community safety should he be released, including but not limited to, restrictions on his ability to access and/or utilize certain electronic devices as well as the Internet. The Government made no showing that measures to prohibit Mr. Glowacki from accessing the Internet would somehow be inadequate. Because the Government failed to prove by clear and convincing evidence that no set of conditions could reasonably assure Mr. Glowacki's appearance or the safety of the community if he were released pending trial, this Honorable Court must affirm the Magistrate's Order of release.

**WHEREFORE**, the Defendant, Joshua Glowacki, hereby respectfully requests that this Honorable Court deny the Government's Motion to Revoke the Order of Release (R. 19: Motion to Revoke Order of Release; PageID 94-104) and direct the United States Marshal's Office to release Mr. Glowacki from detention pursuant to Magistrate Parker's valid Orders.

Respectfully submitted,

/S/ Eric C. Nemecek
ERIC C. NEMECEK (0083195)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com