IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR258 |
| | ) | [1:21MJ3115] |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| JOSHUA GLOWACKI, | ) | REPLY TO BRIEF IN OPPOSITION TO |
| | ) | MOTION TO REVOKE ORDER OF |
| Defendant. | ) | RELEASE |

Now comes the United States of America, by and through counsel, Bridget M. Brennan, Acting United States Attorney, and Michael A. Sullivan, Assistant United States Attorney, and hereby files this Reply to Defendant's Brief in Opposition to the United States' Motion to Revoke the Order of Release of Defendant Joshua Glowacki ("Glowacki" or "Defendant").

Glowacki misstates the law and the content of the United States' motion in an effort to convince this court to leave in place the Magistrate's order of release.

Glowacki cites a Handbook to support his assertion that

> the majority of district courts proceed from the presumption that the Magistrate's decision is correct and are unlikely to modify the Magistrate's Order unless the record definitively establishes that the Magistrate committed clear error in deciding the issue.

Citing, Weinberg, *Federal Bail and Detention Handbook*, Cl-1181, P.L.J. 3-6 (1988). (R.21: Response in Opposition, PageID 114).

He ignores the authority cited by the United States, that this Court should review the Magistrate's order de novo. (R. 19: Motion, PageID 98). District Courts exercise a de novo review of a magistrate judge's release or detention order. United States v. Fitzhugh, 2016 WL

4727480 (E.D. Mich. Sept. 12, 2016) (citations omitted); United States v. Eckenrode, 2013 WL 257052 (N.D. Ohio Jan. 23, 2013) ("A District Court reviews the release order of a Magistrate Judge de novo."). Further, there is "a responsibility on the district court to reconsider the conditions of release fixed by another judicial officer ... as unfettered as it would be if the district court were considering whether to amend its own action." It is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985) (citing United States v. Thibodeaux, 663 F.2d 520, 522 (5th Cir.1981)).

Glowacki attempts to correct the United States' characterization of the presentation of evidence at the detention hearing, without accurately stating the facts:

> Contrary to the Government's characterization, Mr. Glowacki's history of attending counseling was not something that defense counsel merely proffered after the Government had already completed its argument. Rather, it was expressly referenced in the Pretrial Services Report, which the Government itself placed into evidence.

(R. 21: Response, fn. 1, PageID 117).

The United States actually stated,

> Defense Counsel did bring up certain facts, not proffered nor in evidence, during his argument: for example, that he spoke to Glowacki's counselor who indicated Glowacki's commitment to counseling (Id., at PageID 64-65). This fact was specifically and favorably referenced by the Magistrate in the Order denying detention. (R. 12: Order, PageID 28-29). Of course, this "proffer" came after the completion of evidence and after the United States had already argued.

(R. 19: Motion, PageID 96). The assertion that Glowacki's attorney spoke to Glowacki's counselor and that the counselor affirmed Glowacki's commitment to treatment was not contained in the Pretrial Services Report and first was mentioned during counsel's argument. The United States' assertion is supported by the record and is accurate.

Glowacki takes issue with the United States' characterization of the weight of evidence as strong. (R. 21: Response in Opposition, PageID 122). He points out that the "weight of the evidence" prong of the custody determination refers to the weight of the evidence that the defendant is a danger, not the weight of evidence that the defendant is guilty of the crimes charged. Of course, nowhere in the section titled "weight of the evidence against the defendant" did the United States characterize the weight of the evidence of Glowackisi's guilt. Rather, the United States assessed the weight of the evidence that Glowacki posed a threat of flight and a threat of danger to the community. (R. 19: Motion, PageID 102-02).

Curiously, Glowacki opines that "the alleged strength of the Government's case against Mr. Glowacki is of no significance in determining whether pretrial release is appropriate." (R. 21: Response in Opposition, PageID 121). He later states,

> it is important to note that Mr. Glowacki is presumed innocent of all criminal offenses at issue in this case. Thus, the Government's reliance on said allegations as proof that Mr. Glowacki presents a danger to the community is of minimal value to the determination of whether release is appropriate.

(Id., at PageID 124). He seems to want it both ways. He wants this Court to stick its head in the sand while he cloaks himself in the presumption of innocence and then say that there is no evidence that he poses a danger to the community. While he is most certainly presumed innocent, this Court can also certainly consider the strength of the evidence that he poses a danger to the community, which can be based all or in part on the evidence supporting the current charges.

Glowacki repeatedly minimizes his conduct throughout his response. "Furthermore, the evidence confirmed that the current and former cases were limited to allegations that Mr. Glowacki accessed child pornography through the Internet." (R. 21: Response in Opposition, PageID 120). "Moreover, the criminal conduct in this case appears to be limited to Mr.

3

Glowacki's alleged accessing of child pornography through a website on the Internet." (Id., PageID 121). "There is no evidence to suggest that he directly or indirectly communicated with any actual minors, nor does the Government contend that Mr. Glowacki was responsible for creating any of the images or videos in either case." (Id., PageID 123). Nor does the Government contend that Glowacki murdered anyone, committed bank fraud or sold trade secrets. The Government contends that Glowacki received visual depictions of minors engaged in sexually explicit conduct, a charge for which Congress has determined that a presumption should exist that no condition or combination of conditions will assure the defendant's appearance or the safety of the community. Glowacki's prior criminal history for the same conduct and the fact that he committed the current offense while on supervision and from the same house to which he desires to be released do not rebut such presumption but only strengthen it.

## CONCLUSION

Based on the foregoing, the Government requests that the District Court revoke the Magistrate's Order of Release and find that there are no conditions or combination of conditions that would reasonably assure Glowacki's appearance or the safety of the community, and order him detained pending trial.

        Respectfully submitted,

        BRIDGET M. BRENNAN
        Acting United States Attorney

By:   /s/ Michael A. Sullivan
        Michael A. Sullivan (NY 2249993)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3977
        (216) 522-8355 (facsimile)
        Michael.A.Sullivan@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 28, 2021, copy of the foregoing Reply to Brief in Opposition to Motion to Revoke Order of Release was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

        /s/Michael A. Sullivan
        Assistant U.S. Attorney