UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | CASE NO. 1:21CR258 |
| Plaintiff, | ) | |
| | ) | Judge John R. Adams |
| v. | ) | |
| Joshua Glowacki | ) | SUPERSEDING TRIAL ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

A video **Pretrial Conference** is hereby scheduled for **August 13, 2021 at 1:00 p.m.** before Judge John R. Adams.   Lead counsel[1] of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions and trial schedule. The Defendant(s) must be present.

All parties are specifically informed that this District has ordered that "plea negotiations must be completed by a date certain in advance of the scheduled trial."   **ACCORDINGLY, THE COURT WILL NOT ACCEPT PLEA AGREEMENTS AFTER THE DATE OF THE PRETRIAL.**

This case is set for a **Jury Trial on November 8, 2021.**

**Pre-plea presentence reports.**   Pursuant to General Order No. 2018-2, "requests for Criminal History Calculation Reports will not be granted absent exceptional circumstances."

---

1 "Lead counsel" is the attorney that will conduct trial in the matter.   Junior counsel or other substitute counsel shall not appear absent lead counsel obtaining formal leave of Court.

2

Please limit any requests to Defendants that may arguably demonstrate such exceptional circumstances.

**The following instructions will govern the operation of the trial and the obligations of parties and their counsel:**

1.      **TRIAL DAYS**

**COUNSEL MUST PROVIDE PROPER ATTIRE FOR DEFENDANTS IN CUSTODY.  ATTIRE IS TO BE PROVIDED TO THE U.S. MARSHAL'S SERVICE IN AKRON PRIOR TO THE START OF VOIR DIRE.**

Trial days will begin at 9:00 a.m. and continue until 4:30 p.m., unless circumstances dictate otherwise.   A one (1) hour lunch break and two (2) fifteen minute breaks will be provided for. Counsel must notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible.     Accordingly, counsel shall be present in the courtroom from 8:30 a.m. until 5:00 p.m. in order to address matters outside the presence of the jury.

All **parties** are to be present in the courtroom at all times when the jury is seated.

2.      **STIPULATIONS OF FACT AND PRELIMINARY STATEMENTS**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses to facts which are not in dispute.   Said stipulations shall be signed by both counsel as well as the defendant and filed with the Court **no later than three (3) business days** prior to the trial date.

3

Counsel shall also prepare and submit a <u>Joint Preliminary Statement</u> (not to exceed 2 pages) describing the case in an impartial, easily understood and concise manner for use by the Court either during voir dire or at the time the jury is impaneled.   This statement will be used to set the context of the trial for the jury and must be <u>filed **no later than three (3) business days** prior to the trial date</u>.

**3.**       **<u>MOTIONS, TRIAL BRIEFS, EXHIBIT LISTS, WITNESS LISTS</u>**

**Motions other than Motions in Limine shall be filed no later than 30 days after the arraignment of the final defendant in any matter.**   Any party seeking to file a motion beyond this deadline shall first seek and obtain leave of Court.   Motions filed beyond the deadline without leave of Court may be stricken.

The Court does not look favorably upon the practice of filing <u>pro</u> <u>forma</u> motions.   It is expected that every motion filed will be based on real factual need and be supported by a substantial foundation and such foundation will be explicitly stated in the motion pursuant to Local Criminal Rule 12.1.

<u>Responses</u> to pretrial motions shall be filed within seven (7) days after service of the motion.

**Trial briefs, exhibit lists** and any **Motions in Limine**, shall be filed <u>no later than seven (7) **business** days prior to the trial date with objections due three (3) days thereafter</u>.   A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law together with specific citations of statutes and case law; and (c) a discussion of any evidentiary issues likely to arise at trial.   **Witness lists** shall be <u>provided to chambers, preferably via email to the Court's courtroom deputy or law clerk (**do not file or exchange**) **no later than three (3)**</u>

4

**business days** prior to the trial date.  The witness lists shall provide a brief description and the purpose of each witness, and shall list and briefly describe each item of documentary or physical evidence which is to be offered.

Each attorney shall have a continuing obligation to supplement the party's exhibit and witness lists immediately upon learning of any additional witness.  Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.   This rule applies to lay witnesses as well as to expert witnesses.

4.     **OBJECTIONS**

As noted above, objections to trial briefs and exhibit lists shall be filed no later than 3 business days after receipt of the underlying filings.  Such objections shall include a brief statement as to why the proposed witness exhibit should not be permitted or admitted, as well as, specific citations to pertinent case law or other legal authority.

5.   **USE OF SUBPOENAS**

Counsel are instructed to review the Court's standing order regarding the issuance of subpoenas under Fed.R.Crim.P. 17(c)(1).   The Court's standing order can be found at http://www.ohnd.uscourts.gov/contact/judge-john-r-adams/ and its requirements are fully incorporated herein.

6.     **MARKING OF EXHIBITS**

Exhibits shall be marked before trial with exhibit stickers, which are available from the clerk's office upon request.   Plaintiff shall mark exhibits with numbers beginning with 1, and the defendant shall mark exhibits with numbers beginning with 1001.  (*e.g.*, "Pl. Ex. 1" and "Deft. Ex. 1001")   All exhibits must indicate the case number on the bottom portion of the exhibit

5

sticker.   For extensive exhibits, Bates Stamp numbering will be acceptable in lieu of specific exhibit marking.   However, the initial page of the exhibit must be properly marked.

If there are multiple parties, the party's last name or other identifying characteristic (e.g., initials) should precede the numbers or letters (*e.g.*, "Pl. Smith-1" or "Deft. Jones-1001").    Joint exhibits are strongly encouraged and shall be marked "Joint Ex. 1," "Joint Ex. 2," etc.

Whenever a multi-page exhibit is used, each page of the exhibit must be separately numbered.   For example, if Plaintiff's Exhibit 1 is a three-page document, the first page should be marked as Pl. Ex. 1-1, the second page marked as 1-2, and the third page marked as 1-3. Once again, Bates Stamp numbering is acceptable for these types of exhibits.

Where more than ten (10) exhibits are offered by a party, it is required that counsel place all exhibit sets in a <u>three-ring loose-leaf binder/notebook</u> with appropriately marked divider tabs and a table of contents.   **One (1)** copy of all exhibits shall be furnished to the Court <u>on the morning of trial</u>.

Exhibits themselves will not be filed with the Clerk of Court.

7.    **<u>TECHNOLOGY FOR EXHIBITS</u>**

Any party that seeks to offer into evidence any type of electronic exhibits - including, but not limited to, audio CDs, DVDs, videos, USB thumb drive, or any other manner of electronic media – shall bear entirely the burden of ensuring that the proper technology and equipment is available to allow a jury to view the media within the confines of the jury room and without any outside assistance.

Counsel seeking to use the electronic aspects of the courtroom should familiarize himself or herself with the equipment **prior to the start of trial**.   Counsel may contact and schedule a

6

time with Court staff to facilitate use of the equipment.   Jury trials and the presentation of evidence **will not be delayed** due to a lack of understanding of the electronics in the courtroom.

### 8.      VOIR DIRE

The Court will conduct initial *voir dire* of the panel and of individual panel members.   A vast majority of the Court's voir dire is conducted via juror questionnaire.[2]   Follow-up questions on areas of concern are also posed by the Court.   Only after that, the Court <u>may</u> allow one counsel for each party to question the panel <u>briefly</u> on issues not addressed by the Court.

Proposed questions for the Court's *voir dire* must be filed **<u>no later than seven (7) business days</u> prior to the trial date**.   Counsel is also instructed to provide a courtesy copy of the proposed voir dire electronically to the Court's courtroom deputy or law clerk.

### 9.      JURY INSTRUCTIONS

Counsel are required to provide jury instructions to the Court <u>only on the law applicable to the particular charges for which the defendant is on trial</u>.   The Court will provide general boilerplate instructions on issues such as credibility, burden of proof, etc.

Counsel shall exchange proposed jury instructions **<u>no later than ten (10) calendar days</u> <u>prior to the trial date</u>**.   Counsel shall then confer regarding their respective proposals <u>in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible</u>.

**A <u>single</u> joint submission of jury instructions shall be filed and <u>hand-delivered or faxed to chambers no later than three (3) business days prior to the trial date</u>**, providing:  (1) <u>agreed upon instructions</u>;  (2)  instructions proposed by plaintiff, but opposed by defendants; and   (3)   instructions proposed by defendants, but opposed by plaintiffs.   All proposed

---

2  A copy of the Court's final questionnaire is provided to counsel prior to the day of voir dire.

7

instructions shall be supported by citations to legal authority.

Such single joint submission of jury instructions and interrogatories to the Court **shall be filed as well as produced electronically to the Court's law clerk or courtroom deputy in a format that may be edited**.

10. **JENCKS AND RECIPROCAL JENCKS MATERIAL**

Unless there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide Jencks and reciprocal Jencks material no later than the close of proceedings the day <u>before</u> the witness is expected to testify

11. **SPECIAL INSTRUCTIONS TO COUNSEL**

If and when a **plea or change of plea** is scheduled, the plea agreement shall be **<u>provided electronically to the Court's courtroom deputy or law clerk no later than one business day prior to the scheduled hearing.</u>**

Counsel is advised that any review or signing of the plea agreement shall not occur in the courtroom.   Due to safety concerns and the strain on personnel, if review must occur the day of the final pretrial, counsel shall arrive early and conclude those actions in the secure interview space offered by the United States Marshals.

12. **CONDUCT OF COUNSEL**

Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel is directed to be courteous and civil in all oral and written communications with each other and the Court.   Pleadings or any other communications which do not conform to this standard will be rejected.

8

**IT IS SO ORDERED.**

Date: June 18, 2021

 /s/ John R. Adams                            
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**