IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-258 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA GLOWACKI, | ) | BRIEF IN OPPOSITION TO |
| | ) | |
| Defendant. | ) | DEFENDANT'S MOTION TO SUPPRESS |

Now comes the United States of America, by its counsel, Bridget M. Brennan, Acting United States Attorney, and Michael A. Sullivan, Assistant United States Attorney, responding in opposition to Defendant's Motion to Suppress evidence, filed by Defendant Joshua Glowacki, for the reasons stated in the attached memorandum, which is incorporated herein by reference.

                                                                                                       Respectfully submitted,

                                                                                                        BRIDGET M. BRENNAN
                                                                                                        Acting United States Attorney

By:    /s/ Michael A. Sullivan
          Michael A. Sullivan (NY: 2249993)
          Assistant Unites States Attorney
          United States Court House
          801 West Superior Avenue, Suite 400
          Cleveland, OH 44113
          (216) 622-3977
          (216) 522-8355 (facsimile)
          Michael.A.Sullivan@usdoj.gov

**MEMORANDUM**

I.      **INTRODUCTION**

Defendant Joshua Glowacki moves this Court to suppress and exclude numerous electronic items seized pursuant to the March 19, 2020 search warrant for items evidencing sexual exploitation of children that was executed at 2205 Ralph Avenue, Cleveland, Ohio (hereinafter "TARGET PREMISES") on March 23, 2021. Glowacki alleges that the Government violated his Fourth Amendment rights. The Government submits the following Brief in Opposition to Glowacki's Motion to Suppress and respectfully urges this Court to deny Glowacki's motion without a hearing.

II.     **STATEMENT OF FACTS**

On March 29, 2021, a Criminal Complaint was filed charging Glowacki with receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), which carries a five-year mandatory minimum to twenty-year maximum sentence. (R. 19: Motion to Revoke Order of Release, PageID 95). Based upon Glowacki's prior criminal history, he may be subject to the enhanced penalties of a fifteen-year mandatory minimum sentence and a forty-year maximum sentence. (*Id.*) Glowacki surrendered to the FBI on March 30, 2021, and later that day had an initial appearance. (*Id.*)

The evidence established that Glowacki was previously convicted of 14 counts of Pandering Sexually Oriented Matter Involving Minors under Ohio Revised Code § 2907.322(A)(1) and (A)(2) on May 21, 2019, in Cuyahoga Court of Common Pleas, in Case No. 18CR63367. (R. 1-1: Criminal Complaint Affidavit, PageID 3). This prior conviction is considered a child molestation offense under Rule 414 of the Federal Rules of Evidence and is

2

admissible to demonstrate a propensity at trial. FED. R. EVID. 414. He was sentenced to a term of 2 years' probation. (R. 19: Motion to Revoke Order of Release, PageID 96).

In fewer than six months on probation, November 16, 2019, Glowacki registered an account with a cryptocurrency exchange called Coinbase using the email address jglowacki27@gmail.com (hereinafter "Glowacki's Email") and telephone number XXX-XXX-3859; and on December 24, 2019, he sent two bitcoin payments to a bitcoin address (hereinafter "BTC Address") associated with multiple dark net child pornography sites, including childsivo3n3xzei.onion (hereinafter "Target URL"). (R. 1-1: Criminal Complaint Affidavit, PageID 4; R. 37-1: Exhibit A, PageID 197). The site advertised $15.00 for access. (R. 37-1: Exhibit A, PageID 200). Every Bitcoin transaction requires a fee, and Glowacki made an initial transfer of $18.27 and a second transfer of $18.29 to BTC address. (COINBASE, https://help.coinbase.com/en/coinbase/trading-and-funding/pricing-and-fees/fees (last visited Jul. 14, 2021); R. 37: Motion, PageID 179). Child pornography can be stored on computers and computers' ability to store images in digital form makes them an ideal repository. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 13-14).

The dark net is a part of the internet which is intentionally hidden and cannot be accessed through standard browsers. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 15). Dark net marketplaces operate on the dark net, primarily selling or brokering transactions involving drugs, cyber-arms, weapons, counterfeit currency, stolen credit card details, forget documents, unlicensed pharmaceuticals, steroids, and other illicit goods. (*Id.*) Dark net vendors generally accept payment in cryptocurrency, such as Bitcoin. (*Id.*)

All of the child pornography sites associated with BTC Address were identified by the FBI and DARKBLUE, a commercially available platform that allows users to search a secure

scrape of the known dark web. (R. 37-1: Exhibit A, PageID 197). BTC Address had previously been reported in the public website www.bitcoinabuse.com as follows: "TOR site advertising for child exploitation videos. Below is the ad US $ 15 – After payment to the bitcoin address number: 15WK91Jq47uFASfBGwvY6SSv6Vc7tEgZfJ write the transaction number write to e-mail: video-child@secmail.pro we will send you access." (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 21). Between November 9, 2020 and January 2, 2021, Glowacki's email was accessed from IP address 108.94.129.177 multiple times. (*Id.* at Page 23)

The IP address was assigned to TARGET PREMISES on November 5, 2020 and was still assigned to TARGET PREMISES until at least February 24, 2021. (*Id.* at Page 24). Glowacki's phone number, used to register his Coinbase account, was also registered to TARGET PREMISES and TARGET PREMISES is listed on Glowacki's Ohio driver license. (*Id.* at Page 20). The FBI Agent who wrote the affidavit in support of the application for the search warrant (hereinafter "affiant") received training in the area of child pornography and child exploitation and has observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) (R. 1-1: Criminal Complaint Affidavit, PageID 2). On February 18, 2021, investigators conducted surveillance at TARGET PREMISES and observed Glowacki removing snow in the driveway of a single-family residence. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 23). On March 23, 2021, a search warrant was executed at Glowacki's parent's house where he resided. (R. 1-1: Criminal Complaint Affidavit, PageID 4). The FBI seized a Samsung phone from Glowacki and a subsequent forensic analysis revealed images of child pornography, including one that showed a URL of a dark net site. (*Id.*) According to the Criminal Complaint, these images included:

      A. An image of a prepubescent female, approximately 6 to 9 years old, naked and tied to a chair, facing down with an adult male holding her from the rear
      B. An image of a prepubescent male, approximately 8 to 10 years old, with his pants down standing behind a prepubescent female of similar age naked below the waistline, appearing to have intercourse in a standing position
      C. An image of a prepubescent female, approximately 11 to 13 years old performing oral sex on an adult male. The image included the URL of a Darknet Site.

(*Id.*) The government respectfully urges this Court to deny Glowacki's motion to suppress without a hearing.

### III. LAW AND ARGUMENT

The Fourth Amendment of the United States Constitution assures "[t]he right of the people to be secure in their persons. . . and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "Whether the police had probable cause to search determines whether a search conducted pursuant to a warrant comports with the Fourth Amendment." *United States v. McPhearson*, 469 F.3d 518, 523 (6th Cir. 2006); *see also Warden v. Hayden*, 387 U.S. 294, 301-02 (1967); *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003). To properly issue a search warrant, the Fourth Amendment requires "the issuing magistrate … simply to make a practical, common-sense decision whether, given the circumstances set forth in the affidavit before him … there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Terry*, 522 F.3d 645, 648 (6th Cir. 2008); *see also United States v. Smith*, 510 F.3d 641, 652 (6th Cir. 2007) (determination of whether probable cause was sufficiently established requires a "totality of the circumstances" approach).

The Affidavit in support of a search warrant "must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the

5

warrant." *McPhearson*, 469 F.3d at 524. The Affidavit must also set forth particularized facts demonstrating "a fair probability that evidence of a crime will be located on the premises of the proposed search." *Id.* This requires both "a nexus between the place to be searched and the evidence sought" and a reliance on timely, not stale, evidence. *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (internal quotations omitted).

The search warrant issued on March 19, 2021, for the TARGET PREMISES had probable cause because the supporting Affidavit was based on complete information, there was a sufficient nexus between the place to be searched and the evidence being sought, and the evidence relied on in the search warrant Affidavit was not stale. Accordingly, none of the evidence obtained as a result of the search warrant should be suppressed and excluded.

    **A.    The Affidavit Establishes Probable Cause to Justify a Search of Glowacki's Residence**

A search warrant can be invalid if the warrant affidavit (1) deliberately omits a fact or recklessly disregards the truth and (2) the omission was material to the finding of probable cause. *Tlapanco v. Elges*, 969 F.3d 638, 649 (6th Cir. 2020). A warrant affidavit deliberately omits a fact or recklessly disregards the truth if the affiant knew of information that contradicted assertions in the affidavit. *Butler v. City of Detroit*, 936 F.3d 410, 419 (6th Cir. 2019). A warrant affidavit can provide an ample basis for probable cause if it outlines the defendant's history regarding a similar crime and details reasons why the defendant committed a similar crime in the present case. *See United States v. Christian*, 925 F.3d 305, 209 (6th Cir. 2019). Probable cause also exists where a government investigation reveals the defendant had a subscription to a website known to contain child pornography. *United States v. Frechette*, 583 F.3d 374, 379 (6th Cir. 2009); *United States v. Wagers*, 452 F.3d 534, 538-39 (6th Cir. 2006); *see also United States v. Paull*, 551 F.3d 516, 519 (6th Cir. 2009).

6

Glowacki argues that the search warrant lacked probable cause "due to the omission of material facts and information" in the warrant affidavit (R. 37: Motion, PageID 176). He argues that the Affidavit omits that Target URL is not the only website that BTC Address is associated with. (*Id.* at PageID 177). However, even though BTC Address was associated with two other websites other than Target URL, both of these websites were also identified by the FBI and DARKBLUE as containing child pornography. (R. 37-1: Exhibit A, PageID 197). Given that the Affidavit claimed there was probable cause to believe that evidence of Glowacki's receipt, possession, and/or production of child pornography would be found at the TARGET PREMISES, it can hardly be said that the Affidavit's focus on one of three child pornography websites with which the BTC Address was associated with constitutes a deliberate falsehood or reckless disregard for the truth. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 2).

The Affidavit also outlines the fact that Glowacki is a registered sex offender in the State of Ohio. A little over just two years ago, Glowacki pled guilty, in Cuyahoga County, to charges of Pandering Sexually Oriented Matter Involving a Minor. (R. 1-1: Criminal Complaint Affidavit, PageID 3). This prior conviction is a child molestation offense, and therefore relevant to probable cause as it is evidence which can show a potential propensity towards similar offenses at trial. FED. R. EVID. 414. The Affidavit also details the reason why the affiant believed Glowacki may have committed another child exploitation crime: subpoena results showed that a Coinbase account registered to Glowacki was identified as sending bitcoin payments to an address associated with a dark net website that advertises Child Sexual Abuse Material (CSAM) material. (R. 1-1: Criminal Complaint Affidavit, PageID 4). Although Glowacki's payments are slightly above the amount advertised on the site for access, there are fees associated with every


such transaction. (R. 37-1: Exhibit A, PageID 200; COINBASE, https://help.coinbase.com/en/coinbase/trading-and-funding/pricing-and-fees/fees (last visited Jul. 14, 2021); R. 37: Motion, PageID 179).

Although the Affidavit does not provide information which unequivocally proves Glowacki accessed, viewed, or downloaded child pornography from Target URL, he did send a payment to BTC address, which is affiliated with multiple websites providing access to child pornography. (R. 37-1: Exhibit A, PageID 197). In *Paull*, a search warrant was obtained based on (1) an affidavit which detailed the defendant's subscriptions to websites containing advertising with images of child pornography and (2) the affiant's experience as an investigator of child pornography. *Paull*, 551 F.3d at 519. Like in *Paull*, the search warrant here is based on (1) an affidavit detailing Glowacki's payment to a website associated with a child pornography website and (2) affiant's experience as an investigator of child pornography. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 1, 19).

### B. The Affidavit Establishes a Sufficient Nexus Between the Place to be Searched and the Evidence to be Seized

Nexus exists in child pornography cases when law enforcement connects the IP address used to access a website to the physical location identified by the warrant. *United States v. Elbe*, 774 F.3d 885, 890 (6th Cir. 2014); *United States v. Kinison*, 710 F.3d 678, 683-84 (6th Cir. 2013). A home search is valid when there is only circumstantial evidence of where a crime was committed. *Kinison*, 710 F.3d at 683-84.

Although the affidavit does not suggest Glowacki used his email account to send, receive, or view child pornography material, he did use his email address to register his Coinbase account. (R. 1-1: Criminal Complaint Affidavit, PageID 4). This same account was identified as sending bitcoin payments to an address associated with a dark net website that advertises CSAM

material. (*Id.*) Given that the IP address used when he logged into his email, and the physical address associated with it, was circumstantial evidence of where the crime was committed, a search of this address, Glowacki's home, was supported by probable cause. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 23-24). Indeed, it is unlikely that Glowacki would be willing to send bitcoin to the dark web, an area of the internet where anonymity is of the utmost importance for all the illegal purchases which take place there, and yet still use a standard email address which contains his full last name. (R. 1-1: Criminal Complaint Affidavit, PageID 4; R. 37-1: Exhibit A, PageID 197). Instead, it is far more likely that Glowacki used an alternate email address for any direct interaction with child pornography material and the dark web in order to protect his identity.

      **C.    The Information Contained in the Affidavit was Not Stale.**

Stale information cannot be used in a probable cause determination. *Frechette*, 583 F.3d at 377-78. In analyzing whether information is stale, a court considers the following factors: (1) the character of the crime, (2) the criminal, (3) the thing to be seized, and (4) the place to be searched. *Id.* If the character of the crime is not just a chance encounter, then the relevant information is less stale. *Id.* at 378. Information is also less stale if the criminal is entrenched in one physical location. *Id.* If the thing to be seized has enduring utility to its holder, the information is yet again less stale. *Id.* Finally, if the place to be searched is a secure operational base, then the information is less stale. *Id.* In terms of the place to be searched, courts may rely on experienced law enforcement officers' conclusions regarding the likely location for evidence of a crime. *United States v. Bethal*, 245 F.App'x 460, 465 (6th Cir. 2007).

Here, in terms of the character of the crime, Glowacki's alleged crimes are regarding child pornography, which are not fleeting crimes and therefore have flexible time limitations.

9

*Frechette*, 583 F.3d at 378. Glowacki's email address was accessed from an IP address assigned to (1) the address he used to register his phone number, (2) the address listed on his driver license, and (3) the address assigned to a single-family residence where he was seen removing snow, all of which heavily imply it was his home and that Glowacki was entrenched. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 20, 23). In terms of the thing to be seized, the Affidavit states that a basic function of computers in connection with child pornography is "storage" and that it is an "ideal repository for child pornography." (*Id.* at Page 13-14). Further, even in cases where online storage is used, evidence of child pornography can be found on the user's computer or external media in most cases. (*Id.* at Page 14-15). Indeed, images of child pornography can have an infinite life span and therefore has enduring utility to its holder. *See United States v. Terry*, 522 F.3d 645, 650 n.2 (6th Cir. 2008). Just as the search warrant in *Paull* was approved based on an affidavit that included evidence of child pornography purchased thirteen months before the actual search, the search warrant here was approved based on an affidavit that suggested evidence of child pornography based on the alleged illegal conduct which took place fifteen months earlier. (Case No. 1:21MJ9129: Affidavit in Support of Application for Search Warrant, Page 20). Finally, the place to be searched in this case was the defendant's residence, which is clearly a "secure operational base." (*Id.* at Page 23); *See Paull*, 551 F.3d at 522 (holding that a crime of possession of child pornography "is generally carried out in the secrecy of the home and over a long period" (citing *Wagers*, 452 F.3d at 540)).

    **D. The Good-Faith Exception to the Exclusionary Rule is Applicable in This Case.**

A good-faith exception applies when a warrant issued by a neutral and detached magistrate is discovered to have been invalid, and hence the search unlawful, yet "the officer conducting the search acted in objectively reasonable reliance on [that] warrant. *United States v.*

*Leon*, 468 U.S. 897, 922-23 (1984). There are four exceptions to the good-faith exception: (1) the magistrate [judge] was "misled by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," (2) the magistrate [judge] "abandoned his judicial role" or neutrality, (3) the warrant was "lacking in indicia of probable cause," or (4) the warrant could not be presumed valid because it was so "facially deficient." *Id.* at 923.

Here, (1) none of the information in the affidavit was false, (2) the magistrate judge did not abandon his judicial role or neutrality, (3) the warrant was not lacking in probable cause as to render belief in its existence unreasonable as explained above, and (4) the warrant was not facially deficient.

### E. A *Franks* Hearing is Unwarranted.

A defendant is entitled to a suppression hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) if: (1) the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit and (2) the affidavit's finding of probable cause was based on a false statement or material omission. *Id.* at 171-72.

Here, Glowacki is not entitled to a *Franks* hearing because the affiant did not include a false statement or material omission in the affidavit. True, the Affidavit omits that Target URL is not the only website that BTC Address is associated with. (*Id.* at PageID 177). However, BTC Address was associated with just two other websites other than Target URL, and both of these websites were also identified by the FBI and DARKBLUE as child pornography. (R. 37-1: Exhibit A, PageID 197). Thus, it can hardly be said that the Affidavit's focus on one of three child pornography websites with which the BTC Address was associated with constitutes a material omission. Indeed, the inclusion of the omitted information would have only made the

11

probable cause stronger. Further, although the Affidavit does not clarify whether Glowacki sent payment to BTC Address with the intention to make a payment to Target URL, it does state unequivocally that a Coinbase account, registered to Glowacki, sent bitcoin payments to BTC Address, which is associated with Target URL. (R. 1-1: Criminal Complaint Affidavit, PageID 4; R. 37-1: Exhibit A, PageID 197). It also mentions Glowacki's status as a registered sex offender and his guilty plea to charges of Pandering Sexually Oriented Matter Involving a Minor a little over just two years ago. (R. 1-1: Criminal Complaint Affidavit, PageID 3). Glowacki's prior conviction is a child molestation offense and therefore is relevant to probable cause here because it is admissible as potential evidence of a propensity towards similar offenses. FED. R. EVID. 414.

### IV. CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Defendant Joshua Glowacki's Motion to Suppress without a hearing.