1

```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


   UNITED STATES OF AMERICA,

               Plaintiff,         Case No. 1:21CR258
                                  Akron, Ohio
         vs.                      Thursday, October 28, 2021
                                  11:22 a.m.
   JOSHUA GLOWACKI,

               Defendant.


             TRANSCRIPT OF CHANGE OF PLEA HEARING
            BEFORE THE HONORABLE JOHN R. ADAMS
                 UNITED STATES DISTRICT JUDGE

   APPEARANCES:

   For the Government:   Michael A. Sullivan
                         Office of the U.S. Attorney - Cleveland
                         Carl B. Stokes U.S. Courthouse
                         801 Superior Avenue, West, Suite 400
                         Cleveland, Ohio 44113
                         (216) 622-3600

   For the Defendant:    Eric C. Nemecek
                         Friedman & Nemecek
                         1360 East Ninth Street, Suite 650
                         Cleveland, Ohio 44114
                         (216) 928-7700

   Court Reporter:       Caroline Mahnke, RMR, CRR, CRC
                         Federal Building & U.S. Courthouse
                         2 South Main Street, Suite 568
                         Akron, Ohio 44308
                         (330) 252-6021



   Proceedings recorded by mechanical stenography; transcript
   produced by computer-aided transcription.
```

|   |   |
|---|---|
| 1 | <u>Thursday, October 28, 2021</u> |
| 2 | THE DEPUTY CLERK: This United States District |
| 3 | Court is now in session, the Honorable John R. Adams |
| 4 | presiding. |
| 5 | THE COURT: For the record, the Court has before |
| 6 | it today Case Number 1:21CR258. The case is United States |
| 7 | of America versus Joshua Glowacki. We're here today for a |
| 8 | pretrial. |
| 9 | Counsel for the government, are you ready to proceed? |
| 10 | MR. SULLIVAN: Yes, Judge. On behalf of the |
| 11 | United States, Michael A. Sullivan. |
| 12 | THE COURT: Counsel for the defendant? |
| 13 | MR. NEMECEK: Yes, Your Honor. On behalf of the |
| 14 | defendant, Eric Nemecek. |
| 15 | THE COURT: Does Mr. Glowacki consent to |
| 16 | proceeding today by video? |
| 17 | MR. NEMECEK: He does, Your Honor. |
| 18 | THE DEFENDANT: I do, Your Honor. |
| 19 | THE COURT: Counsel for the government, what's |
| 20 | the update and status of the matter? We have a November 8 |
| 21 | trial date. |
| 22 | MR. SULLIVAN: Judge, I believe Mr. Glowacki is |
| 23 | prepared to enter a plea of guilty to Count 1 pursuant to a |
| 24 | plea agreement. It is a conditional plea agreement with him |
| 25 | reserving his right to appeal this Court's denial of his |

1   motion to suppress.
2           I believe Mr. Glowacki has -- I forwarded the plea
3   agreement to him, and I've also forwarded a copy to the
4   Court.
5           THE COURT:  Counsel for the defendant?
6           MR. NEMECEK:  Yes, Your Honor.  That's my
7   understanding as well.
8           I've had the opportunity to discuss it with Mr.
9   Sullivan.  I've also had the opportunity to discuss the
10  proposed plea agreement with Mr. Glowacki.  And it is my
11  understanding that a plea will be forthcoming here today.
12          THE COURT:  Mr. Glowacki, it's my understanding
13  that you wish to withdraw your former plea of not guilty,
14  you wish to plead guilty today to receipt of visual
15  depictions of minors engaged in sexually explicit conduct
16  pursuant to a written plea agreement.
17          Is that what you would like to do today?
18          THE DEFENDANT:  That is correct, Your Honor.
19          THE COURT:  Before I can decide to accept your
20  plea, it's necessary that I ask a series of questions of you
21  to be certain that your plea is voluntary, to make certain
22  you understand the possible consequences of this plea.
23          Before I begin with my questions, you'll be placed
24  under oath.  You'll be sworn to tell the truth.
25          Would you please raise your right hand while I

1  administer the oath.
2  (The Defendant was sworn in.)
3  THE COURT: All right. Thank you.
4  You may put your hand down.
5  I'm required to tell you you're now under oath. It's
6  important that all your answers to my questions be truthful.
7  Any answers that you give that are later shown to be false
8  could be used against you in a subsequent prosecution for
9  perjury or making a false statement.
10  Additionally, if you have any questions, please let me
11  know, and either I or your attorney will explain further.
12  Is that understood?
13  THE DEFENDANT: I understand, Your Honor.
14  THE COURT: All right. State your full name and
15  age for the record, please.
16  THE DEFENDANT: My full name is Joshua Matthew
17  Glowacki, and I'm currently 23 years old.
18  THE COURT: Are you under the influence of any
19  type of drugs, alcohol, or medicine that might affect your
20  ability to understand these proceedings?
21  THE DEFENDANT: I am not, Your Honor.
22  THE COURT: Have you gone over the indictment
23  with your attorney, and do you understand the nature of the
24  charges against you in this case?
25  THE DEFENDANT: I have, Your Honor.

1       THE COURT:  Have you had adequate time to review
2    with him all the evidence against you, all matters
3    pertaining to your case?
4       THE DEFENDANT:  I have, Your Honor.
5       THE COURT:  Have you had adequate time to do
6    that?
7       THE DEFENDANT:  Yes, I have, Your Honor.
8       THE COURT:  Thank you.
9       Are you satisfied so far with his work for you in this
10   case?
11      THE DEFENDANT:  I am very satisfied.
12      THE COURT:  Do you understand this is a felony
13   conviction?  By virtue of this conviction you may be
14   deprived of valuable civil rights such as the right to vote
15   if you're incarcerated, the right to hold public office, the
16   right to serve on a jury, and the right to possess a firearm
17   or ammunition.  You're precluded from ever doing that.  And
18   if you're found with those items, it could be another
19   federal offense, a violation of state law as well.  Under
20   federal law it's punishable by up to ten years in prison.
21      Do you understand those things?
22      THE DEFENDANT:  I do understand, Your Honor.
23      THE COURT:  There is a written plea agreement
24   between yourself and the government.
25      Did you fully read and discuss this agreement with

Case: 1:21-cr-00258-JRA Doc #: 70 Filed: 06/21/22 6 of 18. PageID #: 467

6

1       your attorney before you signed it?
2               THE DEFENDANT: I have, Your Honor.
3               THE COURT: Do you believe you understand the
4       terms of your plea agreement?
5               THE DEFENDANT: I do believe I do.
6               THE COURT: I'll go over it with you again here
7       in a few moments, cover many of the points.
8            One of the points is that the recommendation of the
9       parties will be considered by the Court but I'm not required
10      to follow the recommendation of the parties. If for some
11      reason I do not follow the recommendation of the parties, in
12      this case if I were to impose anything above 15 years, then
13      obviously that would be outside the recommendation. We can
14      discuss that further in a moment. But I'm not required to
15      do that.
16           Do you understand those things?
17              THE DEFENDANT: I do understand, Your Honor.
18              THE COURT: Has anyone made any kind of promises
19      or assurances to you to persuade you to enter into this
20      plea?
21              THE DEFENDANT: They have not, Your Honor.
22              THE COURT: All right. Then let's turn to the
23      plea agreement itself. I'll go through it by page and
24      paragraph.
25           Beginning at page 2, the statutory penalty for this

1    offense, the minimum term of imprisonment here is 15 years.
2    The maximum is 40 years.
3        There is a maximum fine of $250,000.
4        There is a minimum period of what's called supervised
5    release. I'll explain that in greater detail in a moment.
6    Five years is the minimum. The maximum could be anywhere
7    from five years to up to life.
8        A special assessment of $100 is required by law.
9        And based upon the nature of this offense, depending
10   on your economic circumstances, another $5,000 special
11   assessment could be added.
12       Do you understand those things?
13           THE DEFENDANT: I do, Your Honor.
14           THE COURT: Turn to page 3. Here, I'm not sure,
15   there may be restitution depending on the victims. If there
16   is any victims identified who are pictured in any images you
17   may have viewed, then restitution may be ordered by the
18   Court.
19       In terms of supervised release, I've touched on it
20   earlier. When you're released from prison, you'll be
21   required to abide by a number of conditions, some of them
22   related to your computer, computer usage, sex offender
23   treatment, counseling, things of that nature.
24       The key here is that if you violate any of those
25   conditions, you could be returned to the Court. Depending

1  on the severity of the violation, you could be ordered to
2  serve more prison time. And under some circumstances, the
3  initial sentence along with the subsequent violation term
4  could exceed the maximum 40 years under limited
5  circumstances.
6      Do you understand those things?
7          THE DEFENDANT: I do, Your Honor.
8          THE COURT: I'm required to ask, are you a U.S.
9  citizen?
10         THE DEFENDANT: I am a U.S. citizen, Your Honor.
11         THE COURT: And then as part of the sentence, you
12 will be required, when you're released, to register under
13 the Sex Offender Registration and Notification Act. That's
14 called SORNA. That's referenced at page 3, paragraph 9 of
15 your agreement.
16     You'll be required to comply with SORNA which requires
17 periodic registration, including a current photograph,
18 community notification of your address. Depending on the
19 sentence, it could be a requirement up to the remainder of
20 your life. Again, that remains to be seen at the time of
21 the sentencing hearing.
22     Do you understand that as well?
23         THE DEFENDANT: I do, Your Honor.
24         THE COURT: You're pleading guilty to Count 1 of
25 the indictment. The government will move to dismiss Count 2

1 as part of your plea agreement.
2 Then at the top of page 4 is all of the details of
3 what are called the legal elements of the conduct that
4 brings you here.
5 Do you have any questions about those things?
6 THE DEFENDANT: I do not, Your Honor.
7 THE COURT: Sentencing guidelines are referenced
8 at paragraph 13. We'll discuss them in a moment.
9 Sentencing guidelines are somewhat -- they're not
10 irrelevant. They're important. But they're somewhat
11 subsumed by the mandatory 15 years or 180-month sentence.
12 The guidelines are important, but in addition to the
13 guidelines I'm required to consider the nature and
14 circumstances of this offense.
15 I'm required to consider your history and
16 characteristics, family ties, prior criminal record, a wide
17 range of information about you and your background.
18 I'm required to consider what is called the need for
19 the sentence imposed: Just punishment, adequate deterrence,
20 protect the public, reflect the seriousness of the offense,
21 improve the offender's conduct and condition. Those are the
22 things that the statute refers to as factors for me to
23 consider along with the kinds of sentences generally
24 imposed.
25 And of course the mandatory minimum is required by

1 law.

2 All those things will come into play in deciding your
3 sentence.

4 Do you understand those things?

5 THE DEFENDANT: I do, Your Honor.

6 THE COURT: In essence, the parties' agreement,
7 essentially they're asking me to impose, by way of this
8 agreement, to use the mandatory minimum as your sentence,
9 that that essentially is where we're at in this case.

10 The guidelines here are set forth down at the bottom
11 of page 18. As I mentioned, they are somewhat less
12 important because of the mandatory minimum.

13 The base offense level is 30.

14 With the three levels for acceptance would take you to
15 a 27.

16 His criminal history category, counsel, is it a I or
17 II? I know he has the prior conviction in Cleveland,
18 Cuyahoga County, I should say.

19 So would that place him at a I or a II?

20 MR. NEMECEK: I believe it may place him at an
21 III, Your Honor. I could be wrong about that. But with the
22 conviction and being on probation, I think that the
23 calculation may come out at a criminal history category III.

24 THE COURT: You might be right. The fact he's on
25 probation adds two points and then the nature of the

1     conviction.
2          So if the guidelines were to apply, sir, you would be
3     possibly at 87 to 108 months.
4          But again, the mandatory minimum exceeds that, so that
5     becomes your guideline sentence.
6          Do you understand those things?
7               THE DEFENDANT:  I do, Your Honor.
8               THE COURT:  All right.  Then let's turn to page
9     6.  Down at the bottom there is a provision called Waiver of
10    Appeal/Post-Conviction Attack.  Under this agreement you're
11    waiving your right to appeal or to challenge your sentence
12    or your conviction in any way, except you reserve the
13    following issues for appeal only:
14         Number one, the Court's order denying your motion to
15    suppress or motion for a Franks hearing.
16         Secondly, you reserve the right to appeal any
17    punishment in excess of the statutory maximum.  Not likely
18    to happen unless there is something about this case I don't
19    know about.
20         And then any sentence that would be above the
21    guideline range or above the 180 months, you could obviously
22    appeal that.  It would be above the recommendation of the
23    parties.
24         And then lastly would be the issues regarding the
25    conduct of the lawyers, if there are any.  If your own

Case: 1:21-cr-00258-JRA Doc #: 70 Filed: 06/21/22 12 of 18. PageID #: 473

12

1    lawyer was ineffective or if the government's attorney
2    engaged in some misconduct, then that could be an issue for
3    appeal.
4         Other than those areas I've just touched on, there
5    would be no appeal or challenge to your sentence or
6    conviction that would be permitted.
7         Do you understand those things?
8              THE DEFENDANT:  I do, Your Honor.
9              THE COURT:  Under the provision called waiver of
10   statute of limitations, there is a -- just a moment here.
11             MR. SULLIVAN:  Judge, I didn't include that
12   provision in this agreement since there is no statute of
13   limitations for this offense.
14             THE COURT:  All right.  Thank you.
15        Then, sir, there is a plea agreement -- or in your
16   plea agreement, paragraph 22 details the factual basis of
17   the plea, meaning your conduct that triggered this
18   prosecution between December 24, 2019 and March 23, 2021.
19        Do you acknowledge you engaged in the conduct
20   described there?
21             THE DEFENDANT:  I do, Your Honor.
22             THE COURT:  All right.  Do you have any questions
23   about anything I've gone over so far?
24             THE DEFENDANT:  I have no questions, Your Honor.
25             THE COURT:  Do you understand, sir, that you're

1    also agreeing to forfeit all of your electronics, the
2    property that was in essence utilized in this offense,
3    including your cell phone?  And I'm not sure if there is any
4    other items that were utilized, but they would all be
5    forfeited to the government.
6         Do you understand that as well?
7              THE DEFENDANT:  I just want to know if it's just
8    the ones that do have the content on it.  Not anything else.
9              THE COURT:  The plea agreement says the phone
10   itself.
11        Is there any other items, counsel, that the government
12   is seeking forfeiture?  That's the Samsung S21 cell phone
13   that's further described in paragraph 23.
14             MR. SULLIVAN:  I believe that's the only item
15   with contraband on it, Judge.
16             THE COURT:  All right.
17        Do you understand that, Mr. Glowacki?
18             THE DEFENDANT:  Yes, I do.
19             THE COURT:  The phone will be forfeited.
20        All right.  Then turning to the very first part of
21   your agreement, the very first page relates to your
22   constitutional trial rights.
23        Under our constitution and the laws of the United
24   States, you have a constitutional right to a trial in this
25   case.  That trial could be to a jury, if you would like.  In

Case: 1:21-cr-00258-JRA Doc #: 70 Filed: 06/21/22 14 of 18. PageID #: 475

14

1	the alternative, the trial could be to myself if the
2	government consented to me hearing the case.
3	    The first question is, sir, do you understand that you
4	do have a constitutional right to a trial in this case?
5	    THE DEFENDANT: I do, Your Honor.
6	    THE COURT: Secondly, do you wish to waive your
7	right to trial and plead guilty today pursuant to this
8	agreement?
9	    THE DEFENDANT: I do, Your Honor.
10	    THE COURT: Even though you've indicated you
11	would like to plead guilty, sir, I'm still required to go
12	over with you, explain to you the rights that you are
13	waiving by entering this plea, explain the trial rights that
14	you're waiving by entering this plea.
15	    So bear with me. I'll go over the rights as described
16	in paragraph 1. If you have any questions at all, please
17	let me know.
18	    I'll ask if you understand these rights. I'll ask if
19	you're voluntarily waiving these rights.
20	    So first of all, if there were a trial in this case,
21	witnesses for the government -- let me back up.
22	    First of all, if there were a trial, you would be
23	presumed innocent. That's your first trial right. The
24	government would be required to prove you guilty by
25	competent evidence beyond a reasonable doubt. That's the

1    standard the government would have to meet.  Number one.

2    Number two, if there were a trial in this case,
3    witnesses for the government would have to come here in
4    court, testify in your presence.  Your attorney could
5    cross-examine those witnesses, ask questions of them for
6    you.  He could object to any evidence the government offers.
7    And he could offer evidence in your behalf if you would
8    like.

9    You're not required to present any evidence in your
10   defense, but you would have that right.  The right to
11   present evidence would include the right to subpoena
12   witnesses, require them to be here to testify for you.  It
13   could include your own right to testify, tell myself or a
14   jury your side of the case.  And it would also include your
15   right not to testify.  It's called your right to remain
16   silent which could not be used against you at trial.  Your
17   plea agreement refers to it as your right to be protected
18   from compelled self-incrimination.

19   And of course if you could not afford a lawyer, we
20   would appoint an attorney to represent you at trial.

21   Do you understand all those trial rights, sir?

22   THE DEFENDANT:  I do, Your Honor.

23   THE COURT:  Do you wish to waive those rights and
24   waive your right to a trial and plead guilty today pursuant
25   to this agreement?

```
1            THE DEFENDANT:  I do, Your Honor.
2            THE COURT:  Has anyone tried to force you, coerce
3    you, or threaten you in any way to enter this plea?
4            THE DEFENDANT:  No one has, Your Honor.
5            THE COURT:  Thank you.
6        Counsel for the government, have I missed anything?
7            MR. SULLIVAN:  I do not believe so, Judge.  Thank
8    you.
9            THE COURT:  Thank you.
10       Mr. Nemecek, have I missed anything?
11           MR. NEMECEK:  I don't believe so, Judge.  Thank
12   you.
13           THE COURT:  All right.  Thank you, sir.
14       Mr. Glowacki, any final questions before we complete
15   the plea?
16           THE DEFENDANT:  No other questions, sir.
17           THE COURT:  All right.  First of all, sir, you've
18   heard me describe the rights that you're waiving by entering
19   this plea.  You've heard me describe the possible
20   consequences of the plea along with the terms of your plea
21   agreement.
22       Knowing those things, how do you plead to one count of
23   receipt of visual depictions of minors engaged in sexually
24   explicit conduct?
25       How do you plead to that offense?
```

1        THE DEFENDANT:  I plead guilty, Your Honor.

2        THE COURT:  I'll make a finding in this case Mr.
3   Glowacki is fully competent and capable of entering an
4   informed plea.  His plea of guilty is a knowing and
5   voluntary plea supported by an independent basis in fact
6   containing each of the essential elements of the offense.

7        I now will adjudge him guilty of this charge.

8        Sir, I'm required to give our probation department
9   about 14 weeks.  Actually now they ask for 16 weeks in order
10  to complete a presentence investigation report.  Cooperate
11  with the probation officer and provide truthful, accurate
12  information so I can decide an appropriate sentence here.
13  And your attorney will advise you further regarding that
14  process.

15       I'm looking, counsel, at February 24 at 1:00 p.m.
16       Is that convenient for the government?

17           MR. SULLIVAN:  Just give me one second.
18  I'm sorry.  Did you say February 24?

19           THE COURT:  Yes.

20           MR. SULLIVAN:  Sure.  That's fine.  Thank you.

21           THE COURT:  Mr. Nemecek, does that work for you?

22           MR. NEMECEK:  It does, Your Honor.

23           THE COURT:  All right.  Thank you.

24       Cooperate with your lawyer, Mr. Glowacki, and I assume
25  you're still seeing a counselor.  That would be productive

1   to help you in the future, I would think.
2          So thank you very much.  Everyone have a good day.
3   Stay safe.
4          MR. SULLIVAN:  Thank you, Your Honor.
5          MR. NEMECEK:  Thank you, Your Honor.
6          (Proceedings concluded at 11:40 a.m.)
7
8                    C E R T I F I C A T E
9
10          I certify that the forgoing is a correct
11  transcript from the record of proceedings in the
12  above-entitled matter.
13
14          S/Caroline Mahnke                6/21/2022
15          Caroline Mahnke, RMR, CRR, CRC    Date
16
17
18
19
20
21
22
23
24
25